# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | **MDL Case No. 1:22-md-03035-STA-jay**<br><br>**ALL CASES**<br><br>**Honorable S. Thomas Anderson** |

**FIRST AMENDED PARTIAL ANSWER OF AMEC DEFENDANTS TO CONSOLIDATED AMENDED COMPLAINT, CROSS-COMPLAINT, AND THIRD-PARTY COMPLAINT**

4885-5064-9686

Defendants African Methodist Episcopal Church ("AMEC"),[1]; AMEC Ministerial Retirement Annuity Plan; AMEC Department of Retirement Services; Bishop Samuel L. Green, Sr.; and Bishop James Davis (collectively, "AMEC Defendants"), hereby respond to the Consolidated Amended Complaint ("Amended Complaint") (ECF No. 74) filed by Plaintiffs. AMEC Defendants, AMEC General Board, and AMEC Council of Bishops filed a Partial Motion to Dismiss Counts II, V, VI, VII, VIII, IX and all Alternative Counts XI–XVII of the Amended Complaint (ECF. 99), which is still pending.   The Partial Motion to Dismiss seeks the complete dismissal of Defendants AMEC Council of Bishops and AMEC General Board. Accordingly, AMEC Council of Bishops and AMEC General Board are not answering the Amended Complaint pending resolution of Defendants' Partial Motion to Dismiss.

AMEC Defendants denies each and every allegation of the Complaint not expressly admitted below.

**INTRODUCTION**

1.    AMEC Defendants admit that Plaintiffs brought claims for breach of fiduciary duties and negligent conduct, among other claims, and that the Plaintiffs seek recovery on behalf of AMEC ministers and other employees.   AMEC Defendants deny that they breached any fiduciary duty.  AMEC Defendants deny they were negligent in managing the African Methodist Episcopal Church Ministerial Retirement Annuity Plan ("the Plan") and the fund of retirement assets associated with the Plain ("the Fund"). This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required, or allegations as related to other Defendants, which AMEC Defendants deny because they lack

---

[1] African Methodist Episcopal Church ("AMEC") is an unincorporated nonprofit religious association existing under the laws of the state of Pennsylvania. The African Methodist Episcopal Church, Incorporated, ("AMEC, Inc.**")** is a 501c-3 non-profit corporation existing under Pennsylvania law.  AMEC, Inc. is a non-stock affiliate of AMEC.

1

knowledge or information sufficient to form a belief as to the truth thereof. To the extent a response is deemed required, AMEC Defendants state that in September 2021, AMEC Defendants discovered that Defendant Rev. Dr. Jerome Harris ("Dr. Harris"), former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Consolidated Complaint from AMEC Defendants. AMEC Defendants deny any remaining allegations in Paragraph 1.

2.      AMEC Defendants deny that the African Methodist Episcopal Church ("the Church") was negligent, and further deny that the Class Members lost more than $90 million in retirement funds in the Fund. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required, or allegations as related to other Defendants, which AMEC Defendants deny because they lack knowledge or information sufficient to form a belief as to the truth thereof. AMEC Defendants deny any remaining allegations in Paragraph 2.

3.      AMEC Defendants admit that Plaintiffs brought this action on behalf of AMEC ministers and other employees.  AMEC Defendants deny any remaining allegations in Paragraph 3.

4.      AMEC Defendants lack sufficient knowledge or information to form a belief as to the character of the members of the Plaintiffs' class and therefore deny that allegation. AMEC Defendants deny any remaining allegations in Paragraph 4.

4885-5064-9686

5.      AMEC Defendants deny the allegations that relate to them and also deny the allegations in Paragraph 5 as related to other Defendants because AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth thereof. AMEC Defendants further state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan.

6.      This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and also deny the allegations in Paragraph 6 as related to other Defendants because AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth thereof. AMEC Defendants further state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Consolidated Complaint from AMEC Defendants.

7.      Admitted.

8.      AMEC Defendants admit that the Plan is not governed by ERISA. AMEC Defendants further deny that Plaintiffs are entitled to any relief under ERISA or otherwise. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions

3

4885-5064-9686

to which no response is required. AMEC Defendants deny any remaining allegations in Paragraph 8.

## **PARTIES**

9. AMEC Defendants admit that Rev. Pearce Ewing served as an AMEC minister for many years and retired in September 2021. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, including those related to Rev. Ewing's participation in the Fund and the Plan, and so denies them.

10. AMEC Defendants admit that Reverend Charles R. Jackson serves currently as the Pastor for Mt. Tabor AME Church in Altamonte Springs, Florida. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, including those related to Rev. Jackson's participation in the Fund and the Plan, and so deny them.

11. AMEC Defendants admit that Presiding Elder Cedric V. Alexander served as an AMEC minister and Presiding Elder for approximately 26 years, and that he retired in September 2020. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, including those related to Presiding Elder's participation in the Plan or his efforts to access money from the Fund, and so deny them.

12. AMEC Defendants admit that Reverend Derrell Wade currently serves as the Pastor for Macedonia AME Church in Suffolk, Virginia, and that he has served since 1994. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, including those related to Rev. Wade's participation in the Plan, and so deny them.

13. AMEC Defendants admit that Reverend Reuben J. Boyd serves as the Pastor of the Third Street Bethel AME Church located in Richmond, Virginia, and that he has served in AMEC

4

since 1988. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, including those related to Rev. Boyd's participation in the Plan, and so deny them.

14.     AMEC Defendants admit that Presiding Elder Phillip Russ, IV served as an AMEC minister for over 40 years, and that he retired in September 2021. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, including those related to Presiding Elder Russ's participation in the Plan or his efforts to access money from the Fund, and so deny them.

15.     AMEC Defendants admit that Reverend Marcius King served as an AMEC minister for many years until he retired in 2017. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, including those related to Rev. King's age, his participation in the Plan, or his efforts to access money from the Fund, and so deny them.

16.     AMEC Defendants admit that Reverend Matthew Ewing served as an AMEC minister for over 43 years, and that he retired in September 2021. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, including those related to Rev. Ewing's participation in the Plan or his efforts to access money from the Fund, and so deny them.

17.     AMEC Defendants admit that Reverend A. Offord Carmichael served as an AMEC minister for 48 years, and that he currently serves as an itinerant elder. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, including those related to Rev. Carmichael's plans to retire and his participation in the Plan, and so deny them.

18.    AMEC Defendants admit that Reverend Diane Conley began her pastoral service in the church as a supply pastor in 1992, was ordained as a deacon in 1994, and served as an itinerant elder. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, including those related to Rev. Conley's participation in the Plan, and so deny them.

19.    Denied. The African Methodist Episcopal Church Ministerial Retirement Annuity Plan ("AMEC Plan" or "the Plan") is not a trust or a trust fund, nor is it an "employee pension benefit plan" within the meaning of ERISA Section 3(2)(A), 29 U.S.C. § 1002(2)(A).

20.    Upon information and belief, admitted.

21.    Upon information and belief, admitted.

22.    Upon information and belief, admitted.

23.    Upon information and belief, admitted.

24.    AMEC Defendants admit that Dr. Harris served as the Executive Director of the AMEC Department of Retirement Services from 2000 until 2021. Upon information and belief, the remaining allegations are admitted.

25.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

26.    AMEC Defendants admit that Dr. Harris is identified as a named Trustee of the Annuity Plan. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

27.    AMEC Defendants admit that the document speaks for itself. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

4885-5064-9686

28.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

29.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. AMEC Defendants admit that Dr. Harris is identified as a named Trustee of the Annuity Plan. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

30.     AMEC Defendants admit that AMEC is an unincorporated nonprofit religious association existing under the laws of the state of Pennsylvania. Defendant AMEC further admits that it maintains offices in Nashville, Tennessee, and the Department of Retirement Services oversaw the Fund and the church employee's retirement benefits.  The use of the term "principal place of business" is a legal conclusion to which no response is required.

31.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

32.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

33.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

34.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

4885-5064-9686

35.    AMEC Defendants admit that the 2006 Plan Document at Section 9.11 identifies the "named Fiduciaries" of the Plan as (1) the Employer, (2) the Administrator, (3) the Trustee and (4) any Investment Manager appointed thereunder, and that AMEC is the "employer." AMEC Defendants deny that the Fund or the Plan is governed by ERISA, and therefore, deny the remaining allegations in Paragraph 35.

36.    AMEC Defendants deny that AMEC Department of Retirement Services ("the Department") is a separate legal entity from AMEC.  AMEC Defendants admit that the Department is responsible for administering the Plan and that its office is located in Memphis, Tennessee.

37.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

38.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

39.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

40.    AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

41.    Admitted.

42.    Admitted.

43.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

44.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

4885-5064-9686

45.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

46.     Admitted.

47.     Admitted.

48.     Denied. The Council of Bishops is not responsible for enforcing the Doctrine and Discipline as it relates it to the Department or the Plan.

49.     Admitted.

50.     Denied. The Council of Bishops is a subdivision of AMEC and not an independent entity. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

51.     Denied. The Council of Bishops is a subdivision of AMEC and not an independent entity. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

52.     Denied. The Council of Bishops is a subdivision of AMEC and not an independent entity. AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

53.     Admitted.

54.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

55.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

9

4885-5064-9686

56.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

57.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

58.     Admitted.

59.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

60.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

61.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

62.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

63.     AMEC Defendants admit that Robert Eaton ("Eaton") was an individual designated by Dr. Harris as the Financial Advisor for the Department. Upon information and belief, Eaton resides in the state of Illinois.

64.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

10

4885-5064-9686

65.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

66.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

67.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

68.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

69.     AMEC Defendants admit that Dr. Harris formed Financial Freedom Funds in 2006 but deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

70.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

71.     Admitted that Defendant Financial Freedom Group, Inc. was an entity formed by Defendants Harris and Eaton in 2007. AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

11

4885-5064-9686

72.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

73.     Admitted that Defendant Financial Technologies, LLC is an entity owned, operated, and/or controlled by Defendant Eaton.  AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

74.     AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

75.     Admitted.

76.     Admitted that the Motorskill Entities have a business address at 2150 Town Square Place, Suite 200, Sugar Land, TX 77479. AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

77.     Admitted that Motorskill Ventures 1, L.P. is registered in Delaware as a limited partnership, and its registered agent is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808. AMEC Defendants deny that the Fund or the Plan is governed by ERISA. The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

78.     Admitted that Motorskill Ventures 1, L.P. is registered in Delaware as a limited partnership, and its registered agent is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808. AMEC Defendants deny that the Fund or the Plan is governed by ERISA.

12

The remaining allegations in this paragraph are Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

79.    Admitted.

80.    Admitted.

81.    Admitted.

82.    Admitted.

83.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

84.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

85.    This Paragraph contains allegations related to other unknown and unspecified Defendants, which AMEC Defendants deny because they lack knowledge or information sufficient to form a belief as to the truth thereof.

86.    This Paragraph contains allegations related to other unknown and unspecified Defendants, which AMEC Defendants deny because they lack knowledge or information sufficient to form a belief as to the truth thereof.

## JURISDICTION AND VENUE

87.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to jurisdiction, and no response is required thereto. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and also deny the allegations in Paragraph 88 as related to other Defendants because AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

13

4885-5064-9686

88.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to jurisdiction, and no response is required thereto. To the extent a response is required, AMEC Defendants deny that this matter is governed by ERISA.

89.     AMEC Defendants admit only that the Department of Retirement Services and its Executive Director maintain headquarters in Memphis, Tennessee, which lies within this judicial district. AMEC Defendants further admit only that the Department of Retirement Services and its Executive Director conducted business related to the Annuity Plan within this District.  AMEC Defendants deny the remaining allegations that relate to them.  AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 as related to other Defendants and so deny them.

90.     Defendant AMEC admits only that it maintains offices in Nashville, Tennessee, and that the Department of Retirement Services is headquartered in Memphis, Tennessee. The allegations regarding the location of relevant "events or omissions" and jurisdiction contain Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 as related to other Defendants and so denies them.

<b><u>FACTUAL ALLEGATIONS</u></b>

I.    **History of the AMEC**

91.     Admitted.

92.     Admitted

93.     Admitted.

94.     Admitted.

95.     Admitted.

14

4885-5064-9686

96.     Admitted.

97.     Admitted that many of AMEC's ministers and employees have made important contributions to American culture and history.

98.     Admitted that Jarena Lee became the first female AMEC preacher in 1819.  Upon information and belief, the remaining allegations are admitted.

99.     Admitted.

100.    Admitted.

101.    Admitted.

102.    Admitted.

## II.    History of the AMEC Fund

103.    Admitted that beginning in the mid-1960s, AMEC provided a retirement plan for its eligible employees.

104.    Admitted that the Plan was renamed in the 1990s.  Any remaining allegations in Paragraph 104 are denied.

105.    Denied.

106.    Denied as stated.  Only eligible employees had an account with the Fund.  Any remaining allegations in Paragraph 106 are denied.

107.    Admitted that the Fund was managed by a trustee.  Any remaining allegations in Paragraph 107 are denied.

108.    Admitted that the Plan documents speak for themselves. Any remaining allegations in Paragraph 108 are denied.

109.    Admitted that after the initial creation of the Plan, AMEC organized a second, separate retirement fund only for ministers and church elders.

110.    Admitted that this second plan was funded entirely by AMEC.

15

4885-5064-9686

111.    Denied.

### III.    The Operative Fund

112.    Denied.

113.    Admitted that the Plan is now named the Ministerial Annuity Plan of the African Methodist Episcopal Church. Any remaining allegations in Paragraph 113 are denied.

114.    Denied as stated.

115.    Admitted that a summary plan description can be found on AMEC's website.  Any remaining allegations in Paragraph 115 are denied.

116.    Denied.

117.    Admitted that the document speaks for itself.  Any remaining allegations in Paragraph 117 are denied.

118.    Denied.

119.    Denied.

120.    Admitted.

121.    Denied.

122.    Denied as stated.  The Fund did not administer or invest the assets of the Plan. Any remaining allegations in Paragraph 122 are denied.

123.    Denied as stated. Denied that the Plan is governed by ERISA. Any remaining allegations in Paragraph 123 are denied.

124.    Denied that the Plan and the Fund are governed by ERISA. Any remaining allegations in Paragraph 124 are denied.

125.    Denied that the Plan and the Fund are governed by ERISA. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

126.    This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

127.    Denied that the Plan and the Fund are governed by ERISA. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. Any remaining allegations in Paragraph 127 are denied.

128.    This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

129.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

130.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.

131.    AMEC Defendants deny the allegations that relate to them and also deny the allegations in Paragraph 131 as related to other Defendants because AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

132.    Admitted.

133.    Admitted that the document speaks for itself. AMEC Defendants deny that the Plan or the Fund are governed by ERISA. Any remaining allegations in Paragraph 133 are denied.

134.    Admitted that the document speaks for itself. Any remaining allegations in Paragraph 134 are denied.

135.    Admitted that the document speaks for itself. Any remaining allegations in Paragraph 135 are denied.

136.    Admitted that the document speaks for itself. Any remaining allegations in Paragraph 136 are denied.

17

4885-5064-9686

137.    Admitted that the document speaks for itself. Any remaining allegations in Paragraph 137 are denied.

138.    Denied as stated.  AMEC funds the Plan by contributing an amount equal to 12% of each Plan participant's salary to the Fund. Any remaining allegations in Paragraph 138 are denied.

139.    Admitted.

### IV.    Defendants' Misappropriation and Mismanagement of the Plan

#### A.    Defendants' Failed Oversight of the Plan

140.    Admitted that from 2000 until June 2021, Dr. Harris acted as Trustee of the Plan. Any remaining allegations in Paragraph 140 are denied.

141.     Admitted.

142.    Admitted that Defendant Davis, and later, Defendant Green, acted as Chairs of the Department.  Any remaining allegations in Paragraph 142 are denied.

143.    Admitted that on or about December 19, 2001, on Dr. Harris' recommendation, AMEC's General Board resolved to allow Dr. Harris to move its annuity funds to Safeco Insurance, now known as Defendant Symetra Life Insurance Company.

144.    Admitted that on or about December 31, 2001, AMEC opened its retirement plan with Safeco Insurance, now Symetra, investing $49,500,000.00.

145.    Admitted that Safeco Insurance is now Defendant Symetra Life Insurance Company. Any remaining allegations in Paragraph 144 are denied.

146.    Denied as stated. Dr. Harris on behalf of AMEC entered an agreement with American Express Tax and Business Services ("AmEx") to perform Third Party Administrator services. Any remaining allegations in Paragraph 146 are denied.

147.    Upon information and belief, admitted.

18

4885-5064-9686

148.    Upon information and belief, admitted.

149.    Upon information and belief, admitted.

150.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and they are, therefore, denied.

151.    Denied.

152.    AMEC Defendants deny the allegations that relate to them and also deny the allegations in Paragraph 152 as related to other Defendants because AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

**B.    Defendant Harris' Fraudulent Scheme**

153.    AMEC Defendants admit that Defendant Harris conspired to embezzle funds and defraud AMEC. AMEC Defendants deny the allegations that relate to them in Paragraph 153.

154.    AMEC Defendants admit that Defendant Harris created AMEC Financial Services, LLC in 2002 to serve as a vehicle for his investment schemes and business relations with third parties. AMEC Defendants deny the allegations that relate to them in Paragraph 154.

155.    AMEC Defendants admit that the activities of AMEC Financial Services, LLC included, *inter alia*, entering into a marketing alliance with Financial Technologies, LLC to provide services in exchange for compensation to Financial Technologies and Defendant Robert Eaton. AMEC Defendants deny any allegations that relate to them in Paragraph 155.

156.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and they are, therefore, denied.

157.    AMEC Defendants admit that Financial Technologies, LLC is an entity that is owned in part by Defendant Eaton, but AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 regarding other Defendants. AMEC Defendants deny any allegations that relate to them in Paragraph 157.

19

4885-5064-9686

158.    AMEC Defendants admit that Defendant Harris engaged Financial Technologies, LLC to serve as AMEC's exclusive broker of record for the Plan. AMEC Defendants deny any allegations that relate to them in Paragraph 158.

159.    AMEC Defendants admit that Financial Technologies, LLC and Eaton presumably received compensation through this broker arrangement.

160.    AMEC Defendants admit that in 2004, Harris used AMEC Department of Retirement Services' funds to, in conjunction with AMEC Financial Services, LLC, loan Financial Technologies, LLC more than $500,000. Defendant Eaton signed on Financial Technologies, LLC's behalf and used the commission checks he and Financial Technologies LLC received from Symetra related to the Fund as collateral to secure the loan. AMEC Defendants deny any allegations that relate to them in Paragraph 160.

161.    AMEC Defendants admit that the loan referenced in Paragraph 160 was originally due to be repaid in three years. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 regarding other Defendants, and they are, therefore, denied. AMEC Defendants further deny any allegations that relate to them in Paragraph 161.

162.    AMEC Defendants admit that Financial Technologies, LLC agreed to discharge the debt in exchange for certain tangible and non-tangible assets that are believed to be far lower in value than the original loan amount. AMEC Defendants deny any allegations that relate to them in Paragraph 162.

163.    AMEC Defendants admit that Defendant Financial Freedom Funds, LLC ("Freedom Funds") was formed by Defendant Harris in 2006. AMEC Defendants deny any allegations that relate to them in Paragraph 163.

20

164.    AMEC Defendants admit that AMEC Ministerial Retirement Annuity Plan was listed as the Manager of Freedom Funds in the documents establishing Freedom Funds.

165.    AMEC Defendants admit that Defendant Harris was listed as the Plan's Trustee in the documents establishing Freedom Funds.

166.    AMEC Defendants admit that for roughly fifteen years, Defendant Harris diverted millions of dollars from the Department and/or Annuity Plan funds to Financial Freedom Funds.

167.    AMEC Defendants admit that Freedom Funds made numerous high-risk, speculative, and/or fraudulent investments. AMEC Defendants deny any allegations that relate to them in Paragraph 167.

168.    AMEC Defendants admit that Defendant Financial Freedom Group, Inc. ("Freedom Group") was formed by Defendants Harris and Robert Eaton in 2007. AMEC Defendants deny any allegations that relate to them in Paragraph 168.

169.    AMEC Defendants admit that Defendant Harris and Defendant Eaton each owned a 50% share in Freedom Group in 2007. AMEC Defendants deny any allegations that relate to them in Paragraph 169.

170.    AMEC Defendants admit that Defendant Robert Eaton served as the president of Freedom Group. AMEC Defendants deny any allegations that relate to them in Paragraph 170.

171.    AMEC Defendants admit that for roughly fourteen years, Defendant Harris used Freedom Group as a vehicle to divert money from the from the Department and/or Annuity Plan funds. AMEC Defendants deny any allegations that relate to them in Paragraph 171.

172.    AMEC Defendants admit that Defendants Harris and Robert Eaton were listed as signatories for agreements involving Freedom Group. AMEC Defendants deny any allegations that relate to them in Paragraph 172.

4885-5064-9686

173.    AMEC Defendants admit that Freedom Group's business transactions included, a loan of more than $500,000 from AMEC Financial Services. AMEC Defendants deny any allegations that relate to them in Paragraph 173.

174.    AMEC Defendants admit that Trinity Financial Consultants, LLC ("Trinity") was formed by Defendant Harris in 2008. AMEC Defendants deny any allegations that relate to them in Paragraph 174.

175.    AMEC Defendants admit that Defendant Harris was listed as the managing member of Trinity. AMEC Defendants deny any allegations that relate to them in Paragraph 175.

176.    AMEC Defendants admit that Defendant Harris used Trinity as a vehicle to divert money from the from the Department and/or Annuity Plan funds. AMEC Defendants deny any allegations that relate to them in Paragraph 176.

177.    AMEC Defendants admit that a Management and Administrative Services Agreement existed between Trinity and Freedom Funds. AMEC Defendants deny any allegations that relate to them in Paragraph 177.

178.    AMEC Defendants admit that Defendant Harris used Department and/or Annuity Plan funds to make high-risk investments in various Motorskill Entities. AMEC Defendants deny any allegations that relate to them in Paragraph 178.

179.    AMEC Defendants admit that Defendant Randall ("Doc") Erwin initially served as the representative of Motorskill Entities in its dealings with Defendant Harris and entered into various agreements with Dr. Harris. AMEC Defendants deny any allegations that relate to them in Paragraph 179.

180.    AMEC Defendants admit that Defendant Jarrod Erwin later took over Defendant Randall Erwin's role as the representative of Motorskill Entities in its dealings and agreements

22

4885-5064-9686

with Defendant Harris. AMEC Defendants deny any allegations that relate to them in Paragraph

180.

181.    AMEC Defendants admit that Jarrod Erwin is the son of Randall Erwin.

182.    Denied as stated. AMEC Defendants admit that Defendant Harris used Department

and/or Plan funds  to make investments in "Motorskill Ventures" and "Motorskill Asia Ventures,"

but deny that he was authorized by the Plan to do so.  As to the remaining allegations, AMEC

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 182 regarding other Defendants, and they are, therefore, denied. AMEC

Defendants further deny any allegations that relate to them in Paragraph 182.

183.    Denied as stated. AMEC Defendants admit that Defendant Harris misused

Department and/or Plan funds to make investments in Freedom Funds, but deny that he was

authorized to do so.  As to the remaining allegations, AMEC Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 183 regarding

other Defendants, and they are, therefore, denied. AMEC Defendants further deny any allegations

that relate to them in Paragraph 183.

184.    Denied as stated. AMEC Defendants admit that Defendant Harris misused

Department and/or Plan funds to pay Motorskill Entities approximately $37 million, and that those

transactions occurred by wiring funds from the Department's bank account to Motorskill Entities.

AMEC Defendants deny that Defendant Harris was authorized to do so.  AMEC Defendants

further deny any further allegations that relate to them in Paragraph 184.

185.    AMEC Defendants admit that Defendant Harris also requested that Symetra

electronically wire funds to Motorskill Entities, which Symetra did without confirming whether

23

4885-5064-9686

Dr. Harris had such authority. AMEC Defendants deny any further allegations that relate to them in Paragraph 185.

186.    Upon information and belief, admitted.

187.    Upon information and belief, admitted.

188.    Upon information and belief, admitted.

189.    Denied as stated. AMEC Defendants admit that on June 11, 2021, Defendant Harris received written notification that that Motorskill Ventures 1, LP was terminating and that there was nothing of meaningful value remaining in the Fund except an 11% membership interest in Day and Night Solar, LLC. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 regarding other Defendants, and they are, therefore, denied. AMEC Defendants deny any further allegations that relate to them in Paragraph 189.

190.    Upon information and belief, admitted.

191.    Upon information and belief, admitted.

192.    Upon information and belief, admitted.

193.    Upon information and belief, admitted.

194.    Admitted that the only known asset of value remaining in the Motorskill Entities is an 11% membership interest in Day and Night Solar, LLC. AMEC Defendants deny any further allegations that relate to them in Paragraph 194.

195.    AMEC Defendants admit that the value of the membership interest in Day and Night Solar, LLC is unknown and believed to be substantially less than the millions of dollars Defendant Harris invested in Motorskill Entities.  AMEC Defendants deny any further allegations that relate to them in Paragraph 195.

24

4885-5064-9686

196.   AMEC Defendants admit that they allege that Defendant Harris, without authority, used Department and/or Plan funds to issue loans to various entities, some of which have not been repaid.

197.   AMEC Defendants admit Defendant Harris used funds from the Department and/or Plan to loan over a half a million dollars to Day and Night Solar, LLC. AMEC Defendants deny any further allegations that relate to them in Paragraph 197.

198.   AMEC Defendants admit that Day and Night Solar, LLC was created by Defendant Robert Eaton. AMEC Defendants deny any further allegations that relate to them in Paragraph 198.

199.   AMEC Defendants admit that Defendant Robert Eaton is the president of Day and Night Solar, LLC. AMEC Defendants deny any further allegations that relate to them in Paragraph 199.

200.   AMEC Defendants admit that at some point Defendant Harris owned a stake in Day and Night Solar, LLC.   AMEC Defendants deny any further allegations that relate to them in Paragraph 200.

201.   AMEC Defendants admit that Defendant Harris resigned his membership interest upon advice of counsel due to the conflict of interest that arose from making these loans. AMEC Defendants deny any further allegations that relate to them in Paragraph 201.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied as stated.  Defendant Harris, without authority, diverted Department funds in the form of a $2.5 million loan to an entity named Meridian/AMEC for the purchase of five lots

25

4885-5064-9686

in Key Marco, Florida. AMEC Defendants deny any further allegations that relate to them in Paragraph 205.

206.    Denied.

207.    Denied as stated.    Defendant Harris assigned the note, mortgage and loan documents to an entity named Key Marco Holdings, LLC. AMEC Defendants deny any further allegations that relate to them in Paragraph 207.

208.    AMEC Defendants admit that the sole member of Key Marco Holdings, LLC, is Defendant Financial Freedom Funds, LLC.

209.    AMEC Defendants admit that a recent valuation of these properties indicates that they are worth less than half the $2.5 million original loan amount. AMEC Defendants deny any further allegations that relate to them in Paragraph 209.

210.    Upon information and belief, admitted.

211.    Upon information and belief, admitted.

212.    Upon information and belief, admitted.

213.    Upon information and belief, admitted.

214.    Denied.

215.    Admitted.

216.    Admitted.

217.    Admitted.

218.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding the fiduciary's duty of care, and no response is required. To the extent a response is required, AMEC Defendants deny the allegations Paragraph 218.

   C.    **Defendant Harris' False Representations to Class Members About the Plan.**

26

4885-5064-9686

219.    AMEC Defendants admit that Defendant Harris presented written materials at various meetings over the years on the condition of the Fund.

220.    AMEC Defendants admit that Defendant Harris, from 2001 to 2021, created various entities and/or used pre-existing entities, purportedly to perform services for the Department and/or Plan, but in fact to divert Department and/or Plan funds to engage in self-dealing and other illegal acts. AMEC Defendants deny any allegations that relate to them in Paragraph 220.

221.    AMEC Defendants admit that Defendant Harris represented that the entities to which he was inappropriately diverting funds were performing services for the Department and/or Plan.  AMEC Defendants deny any allegations that relate to them in Paragraph 221.

222.    AMEC Defendants admit that the AME Church established a General Board in 1956. To the extent the allegation in Paragraph 222 implies that the only purpose for the creation of the General Board was "to guide the AME Church," that allegation is denied.

223.    AMEC Defendants admit that the General Board Orientation Handbook, issued for each four-year period between the Church's Quadrennial Sessions, requires the General Board to hire an auditor to conduct an annual audit of all accounts of agencies and departments receiving funds from the general budget.  To the extent the allegation in Paragraph 223 implies that *only the Department* is required to be audited, that allegation is denied.

224.    AMEC Defendants admit that the General Board Orientation Handbook requires *all Executive Directors* to provide each General Board member a report one month in advance of its annual board meeting, a report of the condition and recommendations of that department or agency. To the extent the allegation in Paragraph 224 implies that *only the Department* is required to provide such reports, that allegation is denied.

225.    Admitted.

4885-5064-9686

226.   AMEC Defendants admit that the document speaks for itself.

227.   AMEC Defendants admit that the document speaks for itself.

228.   AMEC Defendants admit that the document speaks for itself.

229.   Admitted.

230.   AMEC Defendants admit that the document speaks for itself.

231.   Admitted.

232.   AMEC Defendants admit that the document speaks for itself.

233.   AMEC Defendants admit that the document speaks for itself.

234.   Denied as stated. It was Defendant Harris, not the undefined "AMEC," who told General Conference attendees in Orlando, Florida in July 2021, that the balance of the Plan's assets was nearly $130,000,000.

235.   Denied.

**D.   AMEC's Alleged Discovery of Defendant Harris' Scheme**

236.   Admitted.

237.   AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and they are, therefore, denied.

238.   Admitted.

239.   AMEC Defendants admit that the September 14, 2021 letter to Plan participants notifying them that disbursements would be temporarily paused while the Plan was audited due to a change in leadership was distributed, but AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 239, and they are, therefore, denied.

240.   Admitted.

28

4885-5064-9686

241.    Denied as stated.  AMEC Defendants admit that a second letter went out to Plan participants.  To the extent that the allegations in Paragraph 241 imply that the second letter was sent *only to* Plaintiffs and proposed class members, that allegation is denied.

242.    Denied as stated. AMEC Defendants admit that the valuation of the Annuity Plan mispresented by Harris and others, reported by third parties, certified by Rodney Brown and Company and relied upon by AMEC, was deceptive, false, and grossly inflated, but deny the remaining allegations.

243.    Denied.

244.    Denied as stated.  AMEC Defendants admit that at the January 31, 2022, a meeting of the General Board occurred, and the meeting was recorded and made available to the public via video on the internet, which speaks for itself. The remaining allegations are denied.

245.    Denied as stated.  Instead, AMEC Defendants state that Harris had misrepresented the value of the Annuity Plan in June of 2021.

246.    Denied as stated.  Instead, AMEC Defendants admit that the valuation of the Annuity Plan mispresented by Harris and others, reported by third parties, certified by Rodney Brown and Company and relied upon by AMEC, was deceptive, false, and grossly inflated.

247.    Denied as stated.  AMEC Defendants admit that it stated that the Plan's assets were not all invested in annuities provided by Symetra at the January 31, 2022 meeting, but they deny that the Church made misrepresentations to the Plan participants.  That person was Defendant Harris, and he was not authorized by the Church to make such misrepresentations.

248.    Denied.

249.    Admitted.

250.    Denied.

29

4885-5064-9686

251.    Admitted.

252.    Admitted.

253.    Admitted.

254.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations.

255.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations.

256.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 as related to other Defendants, deny them.

257.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 as related to other Defendants, deny them.

258.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and, because they lack knowledge or

4885-5064-9686

information sufficient to form a belief as to the truth of the allegations in Paragraph 258 as related to other Defendants, deny them.

259. Denied as stated. Instead, Harris and others engaged in risky investment schemes and risky business relations with third parties. See below Cross Complaint.

260. Denied.

261. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 as related to other Defendants, deny them.

262. Admitted.

263. Admitted.

264. AMEC Defendants deny the allegations that relate to them and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 as related to other Defendants, deny them.

265. Denied as stated. AMEC Defendants deny that they engaged in any misconduct. Instead, AMEC Defendants state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Complaint from AMEC Defendants. See below Cross Complaint.

4885-5064-9686

266.    Denied as stated.  AMEC Defendants deny that they engaged in any misconduct. Instead, AMEC Defendants state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Complaint from AMEC Defendants. See below Cross Complaint.

267.    AMEC Defendants admit that the news article speaks for itself.

268.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 as related to other Defendants, deny them.

269.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 as related to other Defendants, deny them.

270.    Denied.

271.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and, because they lack knowledge or

4885-5064-9686

information sufficient to form a belief as to the truth of the allegations in Paragraph 271 as related to other Defendants, deny them.

272.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and, because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 as related to other Defendants, deny them.

## PLAINTIFFS' SPECIFIC ALLEGATIONS

273.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and they are, therefore, denied.

274.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 and they are, therefore, denied.

275.    AMEC Defendants admit only that Annuity Plan disbursements were issued regularly to eligible retired participants before September 2021. AMEC Defendants further admit only that on September 14, 2021, newly-elected Executive Director Dr. James Miller ("Dr. Miller") issued a letter to Annuity Plan participants explaining that distributions from the Annuity Plan would be paused while a forensic audit was performed. AMEC Defendants also further admit only that this September 14, 2021 letter indicated that the Department of Retirement Services' fund advisors recommended performing a forensic audit as part of a change in Department of Retirement Services leadership. All remaining allegations in Paragraph 275 are denied.

276.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and they are, therefore, denied.

277.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and they are, therefore, denied.

33

4885-5064-9686

278.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276, and they are, therefore, denied.

279.    AMEC Defendants admit only that Annuity Plan disbursements were issued regularly to eligible retired participants before September 2021. AMEC Defendants further admit only that on September 14, 2021, newly-elected Executive Director Dr. Miller issued a letter to Annuity Plan participants explaining that distributions from the Annuity Plan would be paused while a forensic audit was performed. AMEC Defendants also further admit only that this September 14, 2021 letter indicated that the Department of Retirement Services' fund advisors recommended performing a forensic audit as part of a change in Department of Retirement Services leadership. All remaining allegations in Paragraph 279 are denied.

280.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, and they are, therefore, denied.

281.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281, and they are, therefore, denied.

282.    Denied as stated. AMEC Defendants admit that Rev. Jackson mailed a written request to release his funds held by the Department and/or Annuity Plan, but they deny the remaining allegations.

283.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and they are, therefore, denied.

284.    Admitted.

285.    Admitted.

286.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286, and they are, therefore, denied.

34

4885-5064-9686

287.    AMEC Defendants admit only that Annuity Plan disbursements were issued regularly to eligible retired participants before September 2021. AMEC Defendants further admit only that on September 14, 2021 and November 9, 2021, letters were sent to Plan participants regarding the audit and pausing of disbursements. AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 287, and they are, therefore, denied.

288.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 288, and they are, therefore, denied.

289.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 289, and they are, therefore, denied.

290.    Denied.

## CLASS ACTION ALLEGATIONS

291.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 as related to other Defendants, deny them.

### I.    Class Definition

292.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding a class definition to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 as related to other Defendants, deny them.

4885-5064-9686

293.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 as related to other Defendants, deny them.

294.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding a class definition to which no response is required. To the extent a response is required, AMEC Defendants deny the allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 as related to other Defendants, deny them.

295.     AMEC Defendants deny that they engaged in any misconduct. Instead, AMEC Defendants state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Complaint from AMEC Defendants.

## II.     Rule 23(a) and Rule 23(b)(3) Requirements

### a.     Numerosity

296.     AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 and so deny them.

297.     AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 and so deny them.

298.    AMEC Defendants admit only that they maintain records that would show the identities of participants in its Annuity Plan. AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 as related to other Defendants, deny them.

299.    AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and so deny them.

300.    AMEC Defendants admit only that they maintain records that would show the identities of participants in its Annuity Plan. AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 as related to other Defendants, deny them.

### b. Commonality

301.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301 as related to other Defendants, deny them.

### c. Typicality

302.    AMEC Defendants deny that they engaged in any misconduct or wrongdoing. Instead, AMEC Defendants state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further

37

4885-5064-9686

deny that Plaintiffs are entitled to any relief sought by their Complaint from AMEC Defendants. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions regarding alleged injuries and claims to which no response is required, or allegations in Paragraph 302 as related to other Defendants, which AMEC Defendants deny because they lack knowledge or information sufficient to form a belief as to the truth thereof. AMEC Defendants deny any remaining allegations in Paragraph 302.

303.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 as related to other Defendants, deny them.

304.    AMEC Defendants deny that they engaged in any misconduct or wrongdoing. Instead, AMEC Defendants state that in September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants further deny that Plaintiffs are entitled to any relief sought by their Complaint from AMEC Defendants. This Paragraph otherwise contains Plaintiffs' characterization of their claims and/or legal conclusions regarding alleged injuries and claims to which no response is required, or allegations in Paragraph 304 as related to other Defendants, which AMEC Defendants deny because they lack knowledge or information sufficient to form a belief as to the truth thereof. AMEC Defendants deny any remaining allegations in Paragraph 304.

38

4885-5064-9686

305.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 as related to other Defendants, deny them.

306.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 as related to other Defendants, deny them.

307.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 as related to other Defendants, deny them.

### d. Adequacy of Representation

308.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308.

309.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations

39

that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309.

310.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions as to the application of the Federal Rules of Civil Procedure, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312.    Upon information and belief, it is admitted, but AMEC Defendants strict proof thereof.

### e.    Rule 23(b)(1) Requirements

313.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding federal class certification rules, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313.

314.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding federal class certification rules, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them

40

4885-5064-9686

because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314.

### f.  Rule 23(b)(2) Requirements

315.  Denied.

### g.  Rule 23(b)(3) Requirements

316.  This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding federal class certification rules, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316.

317.  This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding federal class certification rules, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317.

318.  This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding federal class certification rules, and no response is required. To the extent a response is required, AMEC Defendants deny any remaining allegations that relate to them because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318.

**CLAIMS FOR RELIEF**

**COUNT I**

**BREACH OF FIDUCIARY DUTY**

**(On behalf of Plaintiffs and Members of the Class)**

41

4885-5064-9686

**(Against AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Bishop Green, Bishop Davis, Dr. Harris, Robert Eaton, Newport, Symetra, and Rodney Brown)**

319.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, AMEC Defendants deny any remaining allegations.

320.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' control over undefined "retirement funds," and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 as related to other Defendants, deny them.

321.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and its subparts as related to other Defendants, deny them.

322.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and its subparts as related to other Defendants, deny them.

4885-5064-9686

323.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 and its subparts as related to other Defendants, deny them.

324.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324 and its subparts as related to other Defendants, deny them.

325.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 and its subparts as related to other Defendants, and so deny them.

326.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 and its subparts as related to other Defendants, and so deny them.

43

4885-5064-9686

327.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 and its subparts as related to other Defendants, and so deny them.

328.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and its subparts as related to other Defendants, and so deny them.

329.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and its subparts as related to other Defendants, and so deny them.

330.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 and its subparts as related to other Defendants, and so deny them.

331.    This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants lack knowledge or information

44

4885-5064-9686

sufficient to form a belief as to the truth of the allegations in Paragraph 325 and its subparts as related to other Defendants, and so deny them.

332.     This Paragraph and its subparts contain Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332 as related to other Defendants, deny them.

333.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333 as related to other Defendants, deny them.

334.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 as related to other Defendants, deny them.

335.     This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 as related to other Defendants, deny them.

4885-5064-9686

336. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336 as related to other Defendants, deny them.

337. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 as related to other Defendants, deny them.

338. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 as related to other Defendants, deny them.

339. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 as related to other Defendants, deny them.

340. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any

46

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 as related to other Defendants, deny them.

341. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' fiduciary duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 as related to other Defendants, deny them.

## COUNT II

### Claim for Violation of Tennessee Uniform Trust Code For Breach of Trust and Misappropriation of Trust Funds

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Bishop Green, Bishop Davis, Dr. Harris, Robert Eaton, Newport, Symetra, and Rodney Brown)

342. AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

343. AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

47

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

344.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

345.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

346.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

347.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

348.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

349.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

350.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

351.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

352.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

353.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

354.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

355.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

356.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

357.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

358.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

359.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

360.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

361.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

51

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

362.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

363.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

364.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

365.   AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

366.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

367.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

368.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

369.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

370.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

4885-5064-9686

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

371.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

372.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

373.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

374.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

375.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

376.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

377.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

378.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

379.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

55

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

380.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

381.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

382.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

383.    AMEC Defendants moved to dismiss Count II against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

**COUNT III**

**NEGLIGENCE**

56

4885-5064-9686

**(On behalf of Plaintiffs and Members of the Class)**

**(Against AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Dr. Harris, Bishop Green, Bishop Davis, Robert Eaton, Newport, Symetra, and Rodney Brown)**

384. AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. To the extent any further response is required, AMEC Defendants deny any remaining allegations.

385. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants' and other defendants' legal duties, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 as related to other Defendants, deny them.

386. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 as related to other Defendants, deny them.

387. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 as related to other Defendants, deny them.

388. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is

57

4885-5064-9686

required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388 as related to other Defendants, deny them.

389. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 389 as related to other Defendants, deny them.

390. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390 as related to other Defendants, deny them.

391. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 as related to other Defendants, deny them.

392. This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 as related to other Defendants, deny them.

4885-5064-9686

393.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393 as related to other Defendants, deny them.

394.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 as related to other Defendants, deny them.

395.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 as related to other Defendants, deny them.

396.    This Paragraph contains Plaintiffs' characterization of their claims and/or legal conclusions regarding AMEC Defendants and other defendants, and therefore no response is required. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 396 as related to other Defendants, deny them.

**COUNT IV**

**CONVERSION**

**(On Behalf of Plaintiffs and Members of the Class)**

59

4885-5064-9686

**(Against Dr. Harris, Robert Eaton, Randall Erwin, Jarrod Erwin, Financial Freedom Funds, LLC, Financial Freedom Group, Inc., Financial**

397.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

398.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

399.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

400.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

401.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

402.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

403.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

## COUNT V

### FRAUDULENT CONCEALMENT

**(On Behalf of Plaintiffs and Members of the Class)**

**(Against AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Bishop Green, Bishop Davis, Dr. Harris, Newport, Robert Eaton, Randall Erwin, Jarrod Erwin, Financial Freedom Funds, LLC, Financial Freedom Group, Inc., Financial Technologies, LLC, the Motorskill Entities, and Rodney Brown)**

4885-5064-9686

404.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

405.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

406.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

407.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

61

4885-5064-9686

408.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

409.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

410.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

411.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

412.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

4885-5064-9686

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

413.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

414.    AMEC Defendants moved to dismiss Count V against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT VI

## FRAUDULENT MISREPRESENTATION

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC, AMEC Department of Retirement Services, AMEC General Board, AMEC Council of Bishops, Dr. Harris, Newport, Robert Eaton, Randall Erwin, Jarrod Erwin, Financial Freedom Funds, LLC, Financial Freedom Group, Inc., Financial Technologies, LLC, the Motorskill Entities, and Rodney Brown)

415.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to

them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

416.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

417.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

418.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

419.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

420.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

421.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

422.    AMEC Defendants moved to dismiss Count VI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT VII

## BREACH OF CONTRACT

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC)

423.    AMEC incorporates by reference its answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

65

4885-5064-9686

424.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

425.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

426.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

427.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

428.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

429.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

430.   AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

431.   AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

432.   AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

433.   AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

434.   AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

4885-5064-9686

435.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

436.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

437.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

438.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

439.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

440.    AMEC moved to dismiss Count VII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

4885-5064-9686

resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

## COUNT VIII

### Claim for Promissory or Equitable Estoppel

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC)

441.    AMEC incorporates by reference its answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

442.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

443.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

444.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

69

4885-5064-9686

445.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

446.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

447.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

448.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

449.    AMEC moved to dismiss Count VIII against it (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC denies any allegations related to it.

## COUNT IX

## TORT OF OUTRAGE

### (On Behalf of Plaintiffs and Members of the Class)

70

**(Against AMEC, AMEC Department of Retirement Services, AMEC General Board,
AMEC Council of Bishops, Dr. Harris, and Robert Eaton)**

450.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

451.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

452.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

453.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

454.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

455.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

456.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

457.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

458.    AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

4885-5064-9686

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

459. AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

460. AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

461. AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

462. AMEC Defendants moved to dismiss Count IX against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT X

## CIVIL CONSPIRACY

73

**(On Behalf of Plaintiffs and Members of the Class)**

**(Against Dr. Harris, Robert Eaton, Randall Erwin, Jarrod Erwin, Financial Freedom Funds, LLC, Financial Freedom Group, Inc., Financial Technologies, LLC, and the Motorskill Entities)**

463.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

464.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

465.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

466.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

467.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

468.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

469.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

**ALTERNATIVE CLAIMS FOR RELIEF IN THE EVENT THAT THIS COURT DETERMINES THAT THE PLAN IS DIRECTLY GOVERNED BY ERISA**

**COUNT XI**

**Claim for Plan Benefits Under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

**In the Alternative to Counts I-XI**

**(On Behalf of Plaintiffs and Members of the Class)**

74

4885-5064-9686

**(Against AMEC and the Plan)**

470.    AMEC and the Plan incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

471.    AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

472.    AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

473.    AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

474.     AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

475.     AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

476.     AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

477.     AMEC and the Plan moved to dismiss Count XI against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC and the Plan deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT XII

### Breach of Fiduciary Duties for Failing to Prudently and Loyally Select, Retain and Monitor Plan

### Investments in Violation of ERISA Section 404, 29 U.S.C. § 1104

4885-5064-9686

**(On Behalf of Plaintiffs and Members of the Class)**

**(Against AMEC Department of Retirement Services, Bishop Green, Bishop Davis, and Dr. Harris)**

478.    Defendants the Department, Green, and Davis incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

479.    Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

480.    Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

481.     Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

482.     Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

483.     Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

484.     Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because

4885-5064-9686

they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

485.    Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

486.    Defendants the Department, Green, and Davis moved to dismiss Count XII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants the Department, Green, and Davis deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT XIII

## ENGAGING IN PROHIBITED TRANSACTIONS IN VIOLATION OF ERISA SECTION 406(B), 29 U.S.C. § 1106(B)

## (ON BEHALF OF PLAINTIFFS AND MEMBERS OF THE CLASS)

## (AGAINST DR. HARRIS AND ROBERT EATON)

487.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

79

4885-5064-9686

488.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

489.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

490.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

491.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

492.    Plaintiffs do not bring this claim against AMEC Defendants, and thus no response by AMEC Defendants is required.

## COUNT XIV

## BREACHES OF FIDUCIARY DUTY FOR FAILURE TO MONITOR APPOINTED FIDUCIARIES

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC, AMEC Council of Bishops, AMEC General Board,

### AMEC Department of Retirement Services, Bishop Green and Bishop Davis)

493.    AMEC Defendants incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

494.    AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

80

4885-5064-9686

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

495.    AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

496.    AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

497.    AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

498.    AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

81

4885-5064-9686

499.     AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC Defendants deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

500.     AMEC Defendants moved to dismiss Count XIV against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending
resolution of that Motion. To the extent a response is required, AMEC Defendants deny any
allegations related to them, and because they lack knowledge or information sufficient to form a
belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT XV

## BREACH OF FIDUCIARY DUTIES BY FAILURE TO FOLLOW THE TERMS OF THE PLAN IN VIOLATION OF ERISA SECTION 404, 29 U.S.C. § 1104

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC, the Plan, AMEC Council of Bishops, AMEC General Board, AMEC Department of Retirement Services, Bishop Green, Bishop Davis and Dr. Harris)

501.     AMEC Defendants incorporate by reference their answers to the foregoing
paragraphs with the same force and effect as if they had been fully stated herein. AMEC
Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss,
ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that
Motion. To the extent a response is required, AMEC Defendants deny any allegations related to
them, and because they lack knowledge or information sufficient to form a belief as to the truth of
the allegations as related to other Defendants, deny them.

502.     AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'
Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

4885-5064-9686

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

503.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

504.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

505.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

506.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

4885-5064-9686

507.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'

Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

allegations related to them, and because they lack knowledge or information sufficient to form a

belief as to the truth of the allegations as related to other Defendants, deny them.

508.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'

Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

allegations related to them, and because they lack knowledge or information sufficient to form a

belief as to the truth of the allegations as related to other Defendants, deny them.

509.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'

Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

allegations related to them, and because they lack knowledge or information sufficient to form a

belief as to the truth of the allegations as related to other Defendants, deny them.

510.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'

Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

allegations related to them, and because they lack knowledge or information sufficient to form a

belief as to the truth of the allegations as related to other Defendants, deny them.

511.    AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants'

Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending

resolution of that Motion. To the extent a response is required, AMEC Defendants deny any

84

allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

512.   AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

513.   AMEC Defendants moved to dismiss Count XV against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

## COUNT XVI

## VIOLATION OF ERISA REPORTING AND DISCLOSURE PROVISIONS

### (On Behalf of Plaintiffs and Members of the Class)

### (Against AMEC, or in the alternative, AMEC Department of Retirement Services or Newport)

514.   Defendants AMEC and the Department incorporate by reference their answers to the foregoing paragraphs with the same force and effect as if they had been fully stated herein. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

85

515. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

516. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

517. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

518. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge

86

or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

519. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

520. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

521. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

522. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants

4885-5064-9686

AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

523. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

524. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

525. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants AMEC and the Department deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

526. Defendants AMEC and the Department moved to dismiss Count XVI against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to

4885-5064-9686

this Paragraph pending resolution of that Motion. To the extent a response is required, Defendants

AMEC and the Department deny any allegations related to them, and because they lack knowledge

or information sufficient to form a belief as to the truth of the allegations as related to other

Defendants, deny them.

## COUNT XVII

## CLAIM FOR CO-FIDUCIARY BREACHES IN VIOLATION OF ERISA SECTION 405(a), 29 U.S.C. § 1105(a) AND FOR KNOWING PARTICIPATION IN FIDUCIARY BREACHES

### (On Behalf of Plaintiffs and Members of the Class)

### (Against All Defendants)

527.    AMEC Defendants incorporate by reference their answers to the foregoing

paragraphs with the same force and effect as if they had been fully stated herein. AMEC

Defendants moved to dismiss Count XVII against them (AMEC Defendants' Motion to Dismiss,

ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that

Motion. To the extent a response is required, AMEC Defendants deny any allegations related to

them, and because they lack knowledge or information sufficient to form a belief as to the truth of

the allegations as related to other Defendants, deny them.

528.    AMEC Defendants moved to dismiss Count XVII against them (AMEC

Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this

Paragraph pending resolution of that Motion. To the extent a response is required, AMEC

Defendants deny any allegations related to them, and because they lack knowledge or information

sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny

them.

529.    AMEC Defendants moved to dismiss Count XVII against them (AMEC

Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this

89

Paragraph or its subparts pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

530.    AMEC Defendants moved to dismiss Count XVII against them (AMEC Defendants' Motion to Dismiss, ECF No. 99), and thus no further response is required to this Paragraph pending resolution of that Motion. To the extent a response is required, AMEC Defendants deny any allegations related to them, and because they lack knowledge or information sufficient to form a belief as to the truth of the allegations as related to other Defendants, deny them.

**"PRAYER FOR RELIEF"**

In response to the section "Prayer for Relief," AMEC Defendants deny that Plaintiffs are entitled to any relief that they seek as related to AMEC Defendants' conduct. AMEC Defendants state that in September 2021, AMEC Defendants discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with Cross-Defendants to embezzle funds and defraud AMEC by, among other things, providing AMEC with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan. AMEC Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to the relief they seek as related to the conduct of other Defendants, and so deny all remaining allegations.

**<u>AFFIRMATIVE DEFENSES</u>**

1.    The Consolidated Amended Complaint fails to state a claim upon which relief can be granted.

90

2.      The Consolidated Amended Complaint fails to comply with pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.

3.      The Consolidated Amended Complaint fails because it is a "shotgun pleading" and lacks sufficient clarity to provide the AMEC Defendants with fair notice of the claims against them.

4.      Any alleged loss Plaintiffs suffered is due to the actions of third parties and/or AMEC employees that acted outside the scope of their employment.

5.      Any alleged loss Plaintiffs suffered is due to independent, intervening and/or superseding causes and not from the acts or omissions of AMEC Defendants.

6.      Plaintiffs and/or purported class members have not suffered any harm or injury sufficient to invoke Article III standing.

7.      AMEC Defendants deny that they or their employees acting within the scope of their employment were guilty of any negligence which directly or proximately caused or contributed to the damages alleged to have been sustained by Plaintiffs.

8.      AMEC Defendants deny that they were guilty of any negligence in that AMEC relied on advice of third-party professionals with respect to its Annuity Plan, including but not limited to certified public accountants to independently verify and audit financial statements of the Department.

9.      Plaintiffs' alleged damages, if any, were not caused legally, proximately, or in fact by AMEC Defendants or any action or omission on the part of AMEC Defendants.

10.     If any damages alleged or characterized in the Consolidated Amended Complaint resulted from any negligence, which is denied, then such damages were caused, solely or in part, by acts or omissions of others for whom AMEC Defendants have no liability.  AMEC Defendants

91

4885-5064-9686

rely upon the doctrine of comparative fault as to any other individual or entity, in order to reduce or eliminate their liability.  Specifically, AMEC Defendants assert comparative fault as to the Cross-Defendants and named herein.

11.     AMEC Defendants deny that they can be held vicariously liable for the negligence of any employee or agent not specifically named or identified in the Consolidated Amended Complaint

12.     Plaintiffs are not entitled to recover compensation on behalf of those employees whose claims, or portions of their claims, are barred by the applicable statute of limitations.

13.     To the extent applicable now or in the course of this litigation, AMEC Defendants rely on the affirmative defenses of the statute of limitations and the statute of repose.

14.     To preserve its affirmative defenses and pending completion of discovery, AMEC Defendants assert that Plaintiffs' claims are barred by the doctrines of laches, unclean hands, waiver, and estoppel.

15.     AMEC Defendants reserve the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

## JURY DEMAND

AMEC Defendants separately request a jury trial.

WHEREFORE, premises considered, having fully answered or otherwise responded, AMEC Defendants pray that Plaintiffs' Consolidated Amended Complaint be dismissed with prejudice and all costs assessed against Plaintiffs, and that AMEC Defendants be granted such other relief as the Court deems appropriate, including but not limited to fees and costs.

4885-5064-9686

## CROSS-COMPLAINT/THIRD-PARTY COMPLAINT

Defendants/Cross-Plaintiffs African Methodist Episcopal Church ("AMEC") and AMEC Ministerial Retirement Annuity Plan, by and through counsel, file this Cross-Complaint against Cross-Defendants Dr. Dr. Jerome Harris ("Dr. Harris"), Symetra Life Insurance Company ("Symetra Life") Newport Group, Inc. ("Newport"), Robert Eaton; Randall Erwin;[2] Financial Freedom Group, Inc.; Motorskill Asia Venture Group; Motorskill Asia Ventures 1, LP; Motorskill Venture Group; Motorskill Ventures 1, LP; and Rodney Brown & Company. Defendants/Cross-Plaintiffs further file this Third-Party Complaint against Symetra Financial Corporation ("Symetra Financial").

In support of its claims, AMEC respectfully alleges the following upon information and belief:

## NATURE OF CROSS-COMPLAINT/THIRD-PARTY ACTION

1.      In September 2021, AMEC discovered that Dr. Harris, former Executive Director of the AMEC Department of Retirement Services, engaged in a conspiracy with several individuals and/or entities to embezzle funds and defraud AMEC by, among other things, providing AMEC

---

[2] AMEC originally filed this Cross-Complaint/Third-Party Complaint on October 18, 2022, which included cross-claims against co-defendant Jarrod Erwin ("Erwin") in his individual capacity. [ECF No. 116]. Since the filing of the Cross-Complaint, on April 7, 2023, Erwin filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court") as Case No. 23-31315 ("Bankruptcy Case"). By virtue of the pending Bankruptcy Case, the automatic stay, applicable pursuant to 11 U.S.C. § 362, prevents AMEC from pursuing its cross-claims against Erwin in this Court without first obtaining relief from the automatic stay. Therefore, pursuant to 11 U.S.C. § 362, AMEC has removed Erwin as a cross-defendant from the claims contained herein for the time being. To be clear, AMEC does not waive the right to pursue any and all available remedies against Erwin upon termination or modification of the automatic stay, and as of the date of this Amended Cross-Complaint, AMEC has filed a Motion for Relief from the Automatic Stay, but has not yet obtained any order of relief from the Bankruptcy Court. AMEC reserves the right to reassert its cross-claims against Erwin in this action, if such relief is granted by the Bankruptcy Court. This footnote is provided for notice purposes only and shall not be construed as an effort by AMEC or AMEC's counsel to pursue a claim against Erwin in violation of the automatic stay.

4885-5064-9686

with deceptive, false, and grossly inflated financial statements for the African Methodist Episcopal Church Ministerial Retirement Annuity Plan.  AMEC brings these claims as a result.

## PARTIES

2.      Cross-Plaintiff AMEC is a Pennsylvania unincorporated nonprofit religious association.

3.      Cross-Plaintiff AMEC Ministerial Retirement Annuity Plan is one of the retirement plans of the Church. It was designed to provide annuity coverage for the salaried personnel of the Church.  The Plan is a 401(a) Plan, and AMEC contributes an amount equal to a percentage of the annual salary of each enrolled participant into the Annuity Plan.

4.      Cross-Defendant Dr. Harris was an employee of AMEC and served as the Executive Director of the AMEC Department of Retirement Services ("the Department") from 2000 until July 2021.  Upon information and belief, Dr. Harris resides in the state of Tennessee.

5.      Cross-Defendant Symetra Life Insurance Company is an Iowa Corporation with its principal place of business in Bellevue, Washington.  Upon information and belief, Symetra Life is a subsidiary of Symetra Financial Corporation.

6.      Cross-Defendant Newport is a corporation organized under the laws of Florida with its principal place of business in Walnut Creek, California.

7.      Cross-Defendant Robert Eaton ("Eaton") was an individual designated by Dr. Harris as the Financial Advisor for the Department.  Upon information and belief, Eaton resides in the state of Illinois.

8.      Cross-Defendant Defendant Randall Erwin ("Doc Erwin") was a principal of Motorskill Ventures, Inc.  Upon information and belief, Doc Erwin resides in Sugar Land, Texas.

94

4885-5064-9686

9.    Cross-Defendant Defendant Financial Freedom Group, Inc. is a corporate entity established in 2007 and owned by Dr. Harris and Eaton jointly.  Financial Freedom Group, Inc. is incorporated in the state of Illinois, with a registered agent Christopher W. Byron, located at 411 St. Louis Street, Edwardsville, IL 62025.

10.    Cross-Defendants Motorskill Venture Group, Motorskill Ventures 1, LP, Motorskill Asia Venture Group, and Motorskill Asia Ventures 1, L.P. ("Motorskill Entities") are private equity funds into which Dr. Harris, in consultation with Eaton and Erwin, but without any authority from AMEC, invested millions of dollars from the Annuity Plan.  Upon information and belief, the Motorskill Entities have a business address of 2150 Town Square Place, Suite 200, Sugar Land, TX 77479.  Motorskill Ventures 1, LP is registered with the State of Delaware as a limited partnership, with a registered agent The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.  Motorskill Asia Ventures 1, LP is registered with the State of Delaware as a limited partnership, with a registered agent The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

11.    Cross-Defendant Rodney Brown & Company is an external certified public accounting firm who has been retained by the Department to perform annual financial statement audits for the last fifteen (15) years, including in years 2020 and 2021.  Upon information and belief, Rodney Brown & Company has a business address of 495 Burnham Avenue, Calumet City, IL 60409.

12.    Third-Party Defendant Symetra Financial Corporation is a Delaware corporation with its principal place of business in Bellevue, Washington. Upon information and belief, Symetra Financial can be served process on its registered agent, National Registered Agents, Inc., 711 Capitol Way S, Ste. 204, Olympia, Washington, 98501-1267.

4885-5064-9686

**JURISDICTION AND VENUE**

13.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367(a) because AMEC's claims are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs and there is complete diversity between the parties.

15.     Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1333 because this matter involves a federal question under the Securities and Exchange Act of 1934.

16.     The Court has personal jurisdiction over the Cross-Defendants because these parties engaged in tortious conduct, which was likely to, and did, cause tortious injury in the state of Tennessee.

17.     The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division.  Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

18.     Dr. Harris was elected to the position of Executive Director of the AMEC Department of Retirement Services (the "Department") in July of 2000. He was elected to sequential four-year terms. His final term ran from 2016-2021, five years, owing to COVID-19.

19.     The Department of Retirement Services sponsors the Ministerial Annuity Plan of the African Methodist Episcopal Church (the "Annuity Plan" or "the Plan") that provides annuity coverage for the salaried personnel of AMEC. The Annuity Plan is a 401(a) Plan, and AMEC contributes an amount equal to a percentage of the annual salary of each enrolled participant into the Annuity Plan.

96

20.    All eligible and enrolled participants in the Annuity Plan are entitled to distributions pursuant to a Vesting Schedule. Upon official retirement or separation from active service, eligible and officially enrolled participants are eligible to receive the total amount of funds vested in their name, plus accrued interest. Eligible and officially enrolled participants are also permitted to seek disbursements related to hardship.

21.    Dr. Harris, as Executive Director, provided reports to the AMEC Commission on Retirement Services of the General Board. The Commission receives an annual report from the Executive Director and provides this report to the AMEC General Board.    AMEC has since learned that these reports have been intentionally deceptive, false, and grossly inflated.

22.    In 2001, Dr. Harris began what would become a long-running conspiracy to, among other things, defraud and steal from AMEC. This conspiracy involved Robert Eaton, Jarrod Erwin,[3] Randall Erwin, and several other individuals and/or entities.

23.    In 2021 and upon the expiration of his term as Executive Director, Dr. Harris retired from his position. AMEC elected a new Executive Director at the 2021 General Conference in June 2021.

24.    During the transition to new department leadership, the newly elected Executive Director uncovered financial irregularities in the AMEC's retirement fund investments.

25.    After discovering the financial irregularities, AMEC immediately conducted an independent and comprehensive investigation.    The below allegations include information uncovered as a result of this investigation.

---

[3] Jarrod Erwin's relationship to the parties and background facts cannot be extricated without compromising the accuracy of the events giving rise to this suit. As a result, for purposes of clarity, references to Jarrod Erwin's relationship to the parties and to the facts have not been removed. By virtue of these references, AMEC is not and does not intend to assert a claim against Jarrod Erwin in violation of 11 U.S.C. § 362.  All rights and remedies are reserved as previously set forth in Footnote 2.

97

4885-5064-9686

26.    All told, over the course of his term, Dr. Harris and others have continually and intentionally represented to the Commission for Retirement Services, the AMEC General Board, and Annuity Plan participants a deceptive, false, and grossly inflated value for the Annuity Plan.

**Symetra Life and Symetra Financial fail to act in the face of clear and continued misconduct and unusual activity by Dr. Harris.**

27.    On or about December 19, 2001, on Dr. Harris' recommendation, AMEC's General Board resolved to allow Dr. Harris to move its annuity funds to Safeco Insurance, now Symetra Life.

28.    On or about December 31, 2001, AMEC opened an account with Safeco, (now known as Symetra Life), investing $49,500,000.00 in low-risk annuities issued by Symetra Life, which was intended to be a retirement vehicle for Plan Participants.

29.    Symetra Life acknowledged that $49 million was a large sum for this type of account.

30.    Despite knowing that the Annuity Plan Funds were a retirement vehicle for Plan Participants, and therefore, required to be invested in conservative, safe, low-risk annuities, Symetra Life and Symetra Financial repeatedly turned a blind eye to Harris's improper withdrawals and transfers of Plan funds.

31.    In fact, Symetra Financial was on notice of Dr. Harris's misconduct as early as March 4, 2008, when Dr. Harris requested that Bob Follette, Project Manager of Group Retirement Plans for Symetra Financial transfer $10 Million of Plan funds to Financial Freedom Funds.

32.    Kathleen Hastings, an employee of Symetra Life, stated that Symetra had a policy of not making payments to third parties for investment purposes, yet Symetra did so repeatedly with Plan funds.

33.     This caused concern within Symetra Financial's division of Group Retirement Plans as evidenced by an email from Bob Follette, Project Manager for Group Retirement Plans to Dr. Harris on March 4, 2008.  In that email. Mr. Follette recommended that Dr. Harris seek the advice of a qualified ERISA attorney before proceeding with the $10 Million transfer to Financial Freedom Funds due to the risk of a conflict or harm to the Plan.

34.     Neither Symetra Life nor Symetra Financial had any processes in place to alert AMEC of its concerns related to the actions of Dr. Harris in 2008 or at any time through the present day.

35.     Symetra Life and Symetra Financial had (and continue to have) a duty to safeguard the group retirement plans in their care.  As part of that duty, Symetra Financial and Symetra Life should have processes in place to notify the Employer (here, AMEC) of potential misconduct of the Plan trustee (here, Harris.)

36.     It was foreseeable that a trustee who was the sole signatory could mishandle and mismanage funds invested in a group retirement plan, but Symetra Life and Symetra Financial had no processes in place to deal with such an event.

37.     In 2008, Symetra Financial realized that moving millions of dollars out of AMEC's retirement plan into other investments was aberrant, unusual behavior.

38.     Yet Symetra Financial failed to establish and maintain controls to protect the Plan from unauthorized transfers and activity.

39.     Even if Symetra Life or Symetra Financial had processes in place to notify an employer of potential misconduct on the part of a trustee, it chose to ignore those processes to ensure that Dr. Harris kept the remainder of the Plan's annuity funds, which was over $30 million, with Symetra.

99

40.     In the annuity industry, it is common for a retirement group plan to move its funds from carrier to carrier every few years in order to maximize the rate of return.  But Dr. Harris never sought to transfer the remainder of the Plan funds that were invested in Symetra's annuities to another carrier *for over twenty years*.

41.     It was, therefore, in Symetra Life's and Symetra Financial's self-interest to keep turning a blind eye to Harris's continued and flagrant mismanagement of Plan funds so that he would keep the majority of the Plan's annuity funds with Symetra Life.

42.     As a result of Symetra Life's and Symetra Financial's failure to establish processes to provide notification of potential misconduct on the part of a trustee to the employer, AMEC suffered substantial damages.

43.     AMEC has suffered significant reputational and structural harm as a result of Symetra Life's and Symetra Financial's negligence.  It is not yet known the extent of the reputational harm to the Church's reputation as a result of the actions and failures giving rise to the lawsuit, but it is manifesting in the form of reduced tithing, shrinking membership, and the resignation of clergy.

44.     What is known is that the Church has suffered grievous, incalculable harm to the unity of the Church as a denomination.  The pastors and bishops of the Church initiated litigation against the Church itself, which is tearing at the very fiber of the Church's core.

45.     The Church also suffered financial harm as a result of Symetra Life's and Symetra Financial's failures. It was the funds of the Church that were used to establish the Plan Fund, and those Church funds were lost as a result of the negligence of Symetra Life and Symetra Financial.

4885-5064-9686

46.    AMEC will continue to suffer significant financial damages in that it must replenish the Plan funds that were lost due to the negligence of Symetra Life and Symetra Financial., not to mention the costs of litigation.

47.    It was not just the Church that was damaged, but also the Plan, which suffered significant financial damages as a result of the negligence of Symetra Life and Symetra Financial.

48.    But for Symetra Life's and Symetra Financial's continued failure to notify AMEC of any of Dr. Harris's alarming withdrawals and transfers over the course of its twenty-year relationship with AMEC, AMEC and the Plan would not have been damaged—or at least they would have been able to mitigate some of its damages— had Symetra Life or Symetra Financial notified it early on as to Harris's unusual activity.

**Newport fails to investigate and inaccurately reports the Plan balance.**

49.    On or about December 13, 2001, Dr. Harris on behalf of AMEC entered an agreement with American Express Tax and Business Services ("AmEx") to perform Third Party Administrator services. Eaton was copied on the agreement as "Agent."

50.    AmEx's role as third-party administrator required it to manage the Plan on a day-to-day basis. AMEX TBS's responsibilities included, but were not limited to, tracking balances of Plan participants, and preparing and sending statements to Plan participants. As with any third-party administrator, there was a duty to take reasonable steps to verify whether the financial positions they reported were accurate, and to perform reasonable diligence to confirm the accuracy.

51.    Eventually, through a series of corporate changes and mergers, AmEx merged with Defendant Newport. As a result of that merger, Newport inherited the obligation to take reasonable steps to verify whether the financial positions they reported were accurate, and to perform reasonable diligence to confirm the accuracy.

101

4885-5064-9686

52.    Newport breached its duty to take reasonable steps to verify whether the financial positions they reported were accurate and to perform reasonable diligence to confirm the accuracy of its reporting when it stopped receiving quarterly financial statements in 2019 from the Motorskill Entities, but yet it continued to report an erroneous and inflated value of the Plan.[4]

53.    Had Newport investigated why Motorskills stopped providing financial reports, it would have learned that Motorskills was insolvent.

54.    Newport was on notice as early as October 26, 2011, that Harris invested AMEC retirement Plan funds into risky, illiquid, privately-held, venture capital securities.

55.    Newport, as a professional third-party administrator of retirement plan accounts, knew that investments in risky, illiquid, privately-held, venture capital securities were entirely inappropriate for a retirement plan.

56.    Nevertheless, Newport failed to raise the flag to anyone at the Church or the Department of Harris's inappropriate investments.

57.    Newport not only failed to raise a warning flag regarding the inappropriate investments, it also failed to investigate the true value and the lack of financial reporting from the Motorskills Entities.

58.    To make matters worse, Newport negligently confirmed and reported that grossly erroneous information to Rodney Brown, the auditor of the Department in a non-qualifying letter that failed to disclaim that Newport did not, in fact, confirm the value of the Plan's accounts, nor that it failed to have any supporting documentation.[5] As a result of Newport's negligence and negligent misrepresentation, AMEC and the Plan were gravely harmed.

---

[4] Although Newport claims that they entered into an Agreement with the Plan and Newport only reported what was given to them, Newport's reports to the Church did not contain that qualifying language.
[5] Newport stopped receiving documentation from Motorskills in 2019.

59.     AMEC has suffered significant reputational and financial harm as a result of Newport's failures. It was the funds of the Church that were used to finance the Plan, and those funds were lost as a result of the negligence of Newport.

60.     AMEC is continuing to suffer significant financial damages as a result of Newport's negligence and breach of duty in that it now must replenish the Plan funds that were lost due to the negligence of Newport, not to mention fund the costs of litigation.

61.     It was not just the Church that was damaged, but also the Plan, which suffered significant financial damages as a result of the negligence of Newport.

### AMEC Discovers Dr. Harris and/or Eaton created Unauthorized Entities

62.     As a result of AMEC's investigation, AMEC has learned that, from 2001 to 2021, Dr. Harris and/or Eaton, without the knowledge (and accordingly, without consent) of AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers, created various entities that purported to either perform services for the Department or use Department and/or Annuity Plan funds.  Dr. Harris, Eaton, and others then used the following entities to divert Department and/or Annuity Plan funds to engage in self-dealing and other illegal acts.  Dr. Harris, Eaton, and others also opened various bank accounts in the names of the below entities and used those bank accounts to funnel Department and/or Annuity Plan funds.

63.     Eaton and Financial Technologies, LLC, described below, received commission income from at least one account that the AMEC Department of Retirement Services opened with Safeco Insurance, now Symetra Life.

a.  **Financial Technologies, LLC**: Dr. Harris engaged the services of Eaton's company Financial Technologies, LLC ("Fi-Tec") to provide advisory services and serve as AMEC's exclusive broker of record in conjunction with the Annuity Plan. Fi-Tec and presumably Eaton received compensation as part of the arrangement.

103

Around September 2004, the Department via Dr. Harris and AMEC Financial Services, LLC, described below, also loaned Fi-Tec over half a million dollars. Eaton signed on Fi-Tec's behalf, and used the commission checks that he and Fi-Tec received from Symetra Financial related to AMEC's Annuity Fund account as collateral to secure the loan. While Fi-Tec pledged to repay the loan in three years, it never did; in late 2005, Fi-Tec entered a settlement agreement whereby AMEC and AMEC Financial Services LLC, described below, agreed to discharge Fi-Tec's debt in exchange for certain tangible and non-tangible assets that are believed to be far lower in value than the original loan amount.

b. **AMEC Financial Services, LLC**: Dr. Harris created AMEC Financial Services, LLC ("AMEC Financial Services") in 2002 to engage in risky investment schemes and risky business relations with third parties.[6] Among other activities, AMEC Financial Services entered a marketing alliance with Fi-Tec in 2002 whereby Fi-Tec and presumably Eaton received compensation in exchange for purported services provided.

c. **Financial Freedom Funds, LLC**: Dr. Harris formed Financial Freedom Funds, LLC ("Financial Freedom Funds") in 2006, listing AMEC Ministerial Retirement Annuity Plan as the entity's Manager and Dr. Harris as the Annuity Plan's trustee. From its inception until 2021, Dr. Harris diverted millions of Department and/or Annuity Plan funds to Financial Freedom Funds using various entities and agreements, including agreements with AMEC Financial Services and subscriber agreements between the Annuity Plan and Financial Freedom Funds. In turn,

---

[6] In 2010, AMEC Financial Services, LLC administratively dissolved; AMEC Financial Services, Inc. was formed on April 8, 2010, with Dr. Harris listed as registered agent.

Financial Freedom Funds invested in various high-risk investments, described below. Both Dr. Harris and Eaton were listed as signatories for agreements involving Financial Freedom Funds.

d. **<u>Financial Freedom Group, Inc.</u>**: In a presumptive scheme to conflate the two entities and cause confusion with Financial Freedom Funds, which held monies belonging to the Annuity Plan, Dr. Harris and Eaton formed Financial Freedom Group, Inc. ("Financial Freedom Group") in 2007, each owning 50% stock. From its inception until 2021, Dr. Harris diverted Department and/or Annuity Plan funds to Financial Freedom Group using various entities and agreements, including a loan from AMEC Financial Services to Financial Freedom Group for over half a million dollars. Both Dr. Harris and Eaton were listed as signatories for agreements involving Financial Freedom Group.

e. **<u>Trinity Financial Consultants, LLC</u>**:  In December 2008, Dr. Harris formed Trinity Financial Consultants, LLC ("Trinity") and was listed as its managing member. From its inception until 2021, Dr. Harris diverted Department and/or Annuity Plan funds to Trinity using various entities and agreements, including a Management and Administrative Services Agreement between Trinity and Financial Freedom Funds.

64.    Dr. Harris was not authorized to create entities on the Department's behalf, nor did he at any time request authorization from the General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers to create and conduct business with the entities listed above. Dr. Harris likewise was not authorized and did not seek authorization

from the General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers to use Department and/or Annuity Plan funds in relation to these entities.

## AMEC Discovers Dr. Harris Made Unauthorized Payments

65.    As a result of the recent investigation, AMEC discovered that between 2001 and 2021, Dr. Harris, without the knowledge (and accordingly, without consent) of AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers, used Department and/or Annuity Plan funds to make payments to himself and other individuals.

66.    Payments Dr. Harris made to himself were in addition to his compensation, which was paid by AMEC. Dr. Harris was not authorized by the AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers to receive any funds in addition to the compensation that AMEC paid him.

## AMEC Discovers Dr. Harris Made Unauthorized High-Risk Investments and Loans

67.    As a result of the recent investigation, AMEC discovered at various times since 2001, Dr. Harris, upon consultation with Eaton and related entities, invested millions of dollars from the Annuity Plan into high-risk investments. Dr. Harris likewise loaned Department and/or Annuity Plan funds to various entities and individuals without authorization from AMEC.  These investments were made by Dr. Harris without the knowledge (and accordingly, without consent) of AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers.  In fact, during this time, information related to these unauthorized investments was actively concealed from and not disclosed to AMEC or the AMEC General Board, nor were they included in Dr. Harris's July 2021 report to AMEC General Conference.

68.    High-risk investments include, among others, Motorskill Venture Group, Motorskill Ventures 1, LP; Motorskill Asia Venture Group; and Motorskill Asia Ventures 1, LP; (collectively, "Motorskill Entities").  At no time was the AMEC General Board, the AMEC

106

4885-5064-9686

Commission on Retirement Services,  or any other AMEC bodies or officers advised of these high-risk investments nor did the General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers provide any express or implied consent or approval whatsoever of such investments.

69.    Randall "Doc" Erwin ("Doc Erwin") served as the Motorskill Entities' representative to Dr. Harris and entered various investment-related agreements with Dr. Harris. His son Jarrod Erwin later took over all business dealings between Dr. Harris and Motorskill Entities.

70.    Beginning in 2005, Dr. Harris directed Annuity Plan funds to Motorskill Entities. These transactions were largely accomplished by electronically wiring funds from the Department's bank account to Motorskill Entities. Dr. Harris also submitted written requests that Symetra Financial electronically wire Annuity Plan funds to Motorskill Entities, which Symetra did and without confirmation that Dr. Harris had the authority to do so.  From 2005 to 2021, Dr. Harris via Department and/or Annuity Plan funds paid about $37 million dollars to Motorskill Entities.

71.    At various times between 2005-2021, Doc Erwin, Jarrod Erwin, and/or the Motorskill Entities provided deceptive and false valuations of Department and/or Annuity Plan investments in Motorskill Entities that grossly inflated such investments by tens of millions of dollars.

72.    Upon information and belief, Defendant Harris also requested that Symetra Financial electronically wire funds to Motorskill Entities, which Symetra did without confirming whether Dr. Harris had such authority.

4885-5064-9686

73.     Upon information and belief, the Motorskill Entities stopped providing quarterly financial statements in 2019.

74.     As a result, Defendant Harris no longer provided any information regarding these investments to Defendant Newport.

75.     Despite not receiving Motorskill Entity quarterly financial statements, Newport continued to provide Plan participants with quarterly statements reflecting account balances that included investments in the Motorskill Entities.

76.     Dr. Harris learned on June 11, 2021 that Motorskill Ventures 1, LP was terminating and that there was nothing of meaningful value remaining in the Fund save an 11% membership interest in Day and Night Solar, LLC, a company created by Eaton and described below. While the value of this 11% membership interest is unknown, it is believed to be substantially less than the millions of dollars Dr. Harris invested in Motorskill Entities.

77.     In addition to high-risk investments in Motorskill Entities, Dr. Harris, without any authority, used Department and/or Annuity Plan funds to issue loans to various entities, some of which have not been repaid.  Again, at no time was the AMEC General Board, the AMEC Commission on Retirement Services,  or any other AMEC bodies or officers advised of these loans nor did the General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers provide any express or implied consent or approval whatsoever of such loans.

78.     For example, Dr. Harris used Department and/or Annuity Plan funds to issue loans totaling over half a million dollars to Day and Night Solar, LLC ("D&N Solar"). Dr. Harris previously owned a part of D&N Solar but resigned his membership interest upon advice of counsel due to conflict of interest issues related to such loans.  Eaton was and remains the president of D&N Solar.

79.     Dr. Harris also used Department and/or Annuity Plan funds to issue loans totaling over half a million dollars to Financial Freedom Group. Once again, Eaton was the entity's president and majority principal owner.

80.     Dr. Harris also authorized the Department to loan $2.5 million to an entity named Meridian/AMEC for the purchase of five lots in Key Marco, Florida. Meridian/AMEC never made any payments on the loan, and in 2008, Dr. Harris assigned the note, mortgage and loan documents to an entity named Key Marco Holdings, LLC. The property likewise was transferred to Key Marco Holdings, LLC.  The sole member of Key Marco Holdings, LLC is Financial Freedom Funds, LLC. A recent valuation of these properties indicates that they are worth less than half the $2.5 million original loan amount.

81.     Despite his knowledge of various unpaid loans and of the devaluation of the Motorskill investment, on July 6, 2021, in his final report to the General Conference, Dr. Harris represented to AMEC that the Annuity Plan showed a value of $128,000,000.00; Dr. Harris did not mention the Motorskill investments or any other investments he had made in this report.

82.     AMEC has since learned that the $128,000,000.00 valuation reported by Dr. Harris was a baseless representation recklessly and deceptively made to plan participants without any third-party verification.

83.     At all times during the period of these transactions, Dr. Harris reported to AMEC that investments of the AMEC Annuity Plan were "conservative" and "prudent."

84.     Dr. Harris further reported to AMEC that the AMEC Annuity Plan's assets were invested in annuities provided through Symetra Life.  Dr. Harris did not report to the AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers regarding other investments and loans he made using Department and/or Annuity Plan

109

funds. Indeed, Dr. Harris never sought or obtained approval from the AMEC General Board, the AMEC Commission on Retirement Services, or any other AMEC bodies or officers.

85.     As a result of this investigation, AMEC learned that only about $37,000,000.00 of Dr. Harris's previously reported $128,000,000.00 valuation of the Annuity Plan was held by Symetra Life.

86.     During the period of these transactions, the Department retained the services of an independent certified public accounting firm, Rodney Brown and Company, to audit the financial statements of the Department, including as recently as 2020 and 2021.

87.     In the audit report for 2020 and 2021, Rodney Brown and Company certified that "[a]s of March 31, 2021 and 2020, the total account balances of annuities held and invested on behalf of the clergy servants and full time employees of the African Methodist Episcopal Church was $128,342,168 and $128,377,716 respectively."

88.     But again, as AMEC learned as a result of the recent investigation, this valuation of the Annuity Plan, as certified by Rodney Brown and Company and relied upon by AMEC, is deceptive, false, and grossly inflated.

89.     Upon information and belief, Rodney Brown & Company relied upon written confirmation from Defendant Newport that the investment balance of the Annuity Plan as of March 31, 2021 was $128,342,168.19.

90.     Defendant Newport failed to verify the value of the investments but continued to report the inflated amounts to the Church and Annuity Plan participants.

91.     Rodney Brown & Company's audit report states that it is required to "obtain reasonable assurance about whether the financial statements are free from material misstatement," but Rodney Brown & Company did no such thing.

110

92.    Prior to election of the newly elected Executive Director, AMEC was unaware of the fraudulent acts of Dr. Harris, Eaton, J. Erwin, or Doc Erwin and others.  The investigations into the actions of Dr. Harris and others remain ongoing.

## CAUSES OF ACTION

### COUNT I – CONVERSION

**(CROSS-DEFENDANTS DR. HARRIS; ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; AND MOTORSKILL VENTURES 1, LP ONLY)**

93.    AMEC Defendants repeat and reallege paragraphs 1 through 93 hereof, as if fully set forth herein.

94.    Cross-Defendants appropriated AMEC's property for their own personal use and benefit.

95.    Dr. Harris intentionally exercised dominion and control of AMEC's property by, among other things, depositing funds from the African Methodist Episcopal Church Ministerial Retirement Annuity Plan into his personal checking account.

96.    Dr. Harris intentionally exercised dominion and control of AMEC's property by, among other things, engaging in self-dealing and misappropriating funds from the African Methodist Episcopal Church Ministerial Retirement Annuity Plan.

97.    Dr. Harris and Cross-Defendants intentionally exercised dominion and control of AMEC's property by, among other things, using funds from the African Methodist Episcopal Church Ministerial Retirement Annuity Plan to enrich themselves and their coconspirators.

98.    Dr. Harris's and Cross-Defendants' actions, as set forth herein, were in defiance of AMEC's rights under the Plan.

111

99.    AMEC avers that the actions of Dr. Harris and Cross-Defendants constitute the tort of actual or constructive conversion of its tangible property. As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial. Dr. Harris and Cross-Defendants' actions were deliberate, intentional, and willful thereby entitling AMEC to punitive damages.

## COUNT II – FRAUDULENT MISREPRESENTATION

**(CROSS-DEFENDANTS DR. HARRIS; ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; AND MOTORSKILL VENTURES 1, LP
ONLY)**

100.    AMEC Defendants repeat and reallege paragraphs 1 through 100 hereof, as if fully set forth herein.

101.    Dr. Harris and the Cross-Defendants represented that the Annuity Plan assets' investments were conservative and prudent.

102.    Dr. Harris and the Cross-Defendants represented that the Annuity Plan assets were substantially higher than its actual value.

103.    Dr. Harris and the Cross-Defendants represented that the valuation of the Fund was substantially higher than its actual value.

104.    Dr. Harris and the Cross-Defendants knew these representations regarding the Annuity Plan and its assets were false when they were made or did not believe them to be true.

105.    Alternatively, Dr. Harris and the Cross-Defendants made such representations recklessly without knowing or taking reasonable steps to verify whether the representations were true or false.

112

4885-5064-9686

106.    AMEC did not know such representations were false when made and was justified in relying on those representations as truth.

107.    As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

## COUNT III – FRAUDULENT CONCEALMENT

**(CROSS-DEFENDANTS DR. HARRIS; ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; AND MOTORSKILL VENTURES 1, LP ONLY)**

108.    AMEC Defendants repeat and reallege paragraphs 1 through 108 hereof, as if fully set forth herein.

109.    Dr. Harris and the Cross-Defendants concealed or suppressed material facts regarding the Annuity Plan's assets and investments.

110.    Dr. Harris and the Cross-Defendants were under a duty to disclose such facts to AMEC.

111.    Dr. Harris and the Cross-Defendants intentionally concealed or suppressed the fact with the intent to deceive AMEC.

112.    AMEC did not know such facts were concealed and/or suppressed and would have acted differently if it had known of the concealed or suppressed facts.

113.    As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

113

4885-5064-9686

## COUNT IV– CIVIL CONSPIRACY

**(CROSS-DEFENDANTS DR. HARRIS; ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; AND MOTORSKILL VENTURES 1, LP ONLY)**

114. AMEC Defendants repeat and reallege paragraphs 1 through 114 hereof, as if fully set forth herein.

115. Dr. Harris and the Cross-Defendants engaged in fraud.

116. There exists a common design between Dr. Harris and the Cross-Defendants, each having the intent and knowledge of the other's intent.

117. There exists a common design between Dr. Harris and the Cross-Defendants to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means.

118. Dr. Harris and the Cross-Defendants committed overt acts in furtherance of the conspiracy.

119. As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

## COUNT V - NEGLIGENT MISREPRESENTATION

**(CROSS-DEFENDANTS SYMETRA LIFE; NEWPORT; ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; MOTORSKILL VENTURES 1, LP; RODNEY BROWN & COMPANY; and THIRD-PARTY DEFENDANT SYMETRA FINANCIAL ONLY)**

120. AMEC Defendants repeat and reallege paragraphs 1 through 120 hereof, as if fully set forth herein.

114

4885-5064-9686

121.    Cross-Defendants and Third-Party Defendant were acting in the course of their business, profession, or employment.

122.    The Cross-Defendants and Third-Party Defendant supplied and/or should have supplied information to AMEC meant to guide its business transactions.

123.    The Cross-Defendants and Third-Party Defendant falsely supplied or omitted and/or did not exercise reasonable care in obtaining or communicating information to AMEC.

124.    AMEC justifiably relied on the information provided by Cross-Defendants and Third-Party Defendant.

125.    As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

## COUNT VI – PROFESSIONAL NEGLIGENCE
### (CROSS-DEFENDANT RODNEY BROWN & COMPANY ONLY)

126.    AMEC Defendants repeat and reallege paragraphs 1 through 126 hereof, as if fully set forth herein.

127.    Rodney Brown & Company owes a duty to AMEC.

128.    Rodney Brown & Company breached that duty to AMEC by failing to employ the degree of knowledge, skill and judgment usually possessed by members of this profession.

129.    As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

## COUNT VII – BREACH OF FIDUCIARY DUTY
### (CROSS-DEFENDANTS DR. HARRIS; SYMETRA LIFE; NEWPORT; RODNEY BROWN & COMPANY; and THIRD-PARTY DEFENDANT SYMETRA FINANCIAL ONLY)

115

4885-5064-9686

130.    AMEC Defendants repeat and reallege paragraphs 1 through 130 hereof, as if fully set forth herein.

131.    Cross-Defendant Dr. Harris owed a fiduciary duty to the Plan and the Church as trustee of the Plan funds.

132.    Cross-Defendant Symetra Life owed a fiduciary duty to the Plan and the Church as the carrier of tens of millions of dollars of Plan funds.

133.    Third-Party Defendant Symetra Financial owed a fiduciary duty to the Plan and the Church as the manager of the Church's Retirement Plan.

134.    Cross-Defendant Newport owed a fiduciary duty to the Plan and the Church as the third-party administrator of tens of millions of dollars of Plan funds.

135.    Rodney Brown & Company owed a fiduciary duty to the Plan and the Church as the independent auditor.

136.    Cross-Defendants Dr. Harris, Symetra Life, Newport, and Rodney Brown & Company and Third-Party Defendant Symetra Life breached their fiduciary duties to AMEC in all the ways outlined *infra*.

137.    As a direct and proximate result of these breaches, AMEC has suffered damages, which include, but are not limited to, actual monetary loss, reputational loss, damage to the integrity of the church, and other direct and indirect consequential damages in an amount to be proven at trial.

### COUNT VIII – NEGLIGENCE
**(CROSS-DEFENDANTS SYMETRA LIFE, NEWPORT; and THIRD-PARTY DEFENDANT SYMETRA FINANCIAL ONLY)**

138.    AMEC Defendants repeat and reallege paragraphs 1 through 138 hereof, as if fully set forth herein.

116

139.    Cross-Defendant Symetra Life had (and continues to have) a duty to safeguard the funds trusted in its care. As part of that duty, Symetra Life should have had processes in place to notify AMEC of potential misconduct and mismanagement of the Plan by Dr. Harris.

140.    Third-Party Defendant Symetra Financial had (and continues to have) a duty to safeguard the group retirement plans in its care.  As part of that duty, Symetra Financial should have had processes in place to notify AMEC of potential misconduct and mismanagement of the Plan by Dr. Harris.

141.    It was foreseeable that a trustee could mishandle and mismanage funds invested in a group retirement plan, but neither Symetra Life nor Symetra Financial had any processes in place to deal with such an event. Symetra Life and Symetra Financial failed to establish and maintain controls to protect the Plan from unauthorized transfers and activity.

142.    Even if Symetra Life and Symetra Financial had processes in place to notify AMEC of potential misconduct on the part of Harris, they chose to ignore those processes to ensure that Dr. Harris kept the remainder of the Plan's annuities with Symetra Life.

143.    Symetra Life and Symetra Financial turned a blind eye to Harris's continued and flagrant mismanagement of Plan funds for over twenty years so that he would keep the annuity funds with Symetra.

144.    As a result of Symetra Life's and Symetra Financial's failure to establish processes to provide notification of potential misconduct on the part of a trustee to the Employer, AMEC and the Plan suffered substantial financial, reputational, and structural damages.

145.    But for Symetra Life's and Symetra Financial's continued failure to notify AMEC of any of Harris's alarming withdrawals and transfers over the course of its twenty-year

relationship with AMEC, AMEC would not have been damaged—or at least would have been able to mitigate some of its damages— had it been notified early on in the relationship.

146. Cross-Defendant Newport had a duty to notify AMEC that its retirement Plan funds were invested in high risk, illiquid, inappropriate investments.

147. Cross Defendant Newport breached that duty when it failed to notify anyone at the Church of the inappropriate, high risk, illiquid investments held by the Plan.

148. Cross-Defendant Newport also had a duty to take reasonable steps to verify whether the financial positions they reported were accurate, and to perform reasonable diligence to confirm the accuracy.

149. Newport breached its duty to take reasonable steps to verify whether the financial positions they reported were accurate and to perform reasonable diligence to confirm the accuracy of its reporting when it stopped receiving quarterly financial statements in 2019 from the Motorskill Entities, but yet it continued to report an erroneous and inflated value of the Plan.

150. Had Newport investigated why Motorskills stopped providing financial reports, it would have learned that Motorskills was insolvent.

151. Newport not only failed to investigate the lack of financial reporting from the Motorskills entities, it negligently passed along that grossly erroneous information to Rodney Brown, the auditor of the Plan.

152. As a result of Newport's negligence, AMEC church and the Plan were gravely harmed.

153. The AMEC church has suffered significant reputational and financial harm as a result of Newport's failures. It was the funds of the church that were used to establish the Plan Fund, and those church funds were lost as a result of the negligence of Newport.

118

4885-5064-9686

154.    The AMEC church is continuing to suffer significant financial damages as a result of Newport's negligence and breach of duty in that it now must replenish the Plan funds that were lost due to the negligence of Newport, not to mention fund the costs of litigation.

155.    It was not just the Church that was damaged, but also the Plan and the Plan participants, which suffered significant financial damages as a result of the negligence of Newport.

## COUNT X– VIOLATION OF SECTION 10(B) OF THE SECURITIES AND EXCHANGE ACT AND RULE 10B-5

### (CROSS-DEFENDANTS ROBERT EATON; RANDALL ERWIN; FINANCIAL FREEDOM GROUP, INC.; MOTORSKILL ASIA VENTURE GROUP; MOTORSKILL ASIA VENTURES 1, LP; MOTORSKILL VENTURE GROUP; AND MOTORSKILL VENTURES 1, LP ONLY)

156.    AMEC Defendants repeat and reallege paragraphs 1 through 156 hereof, as if fully set forth herein.

157.    During the time period described above, these Cross-Defendants disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and deliberately omitted material facts that would make the statements made, in light of the circumstances under which they were made, not misleading.

158.    By engaging in the conduct described above, these Cross-Defendants, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce, of the mails, with scienter, violated §10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934 in that they:

(a) Employed devices, schemes or artifices to defraud;

(b) Made untrue statement of material facts or omitted material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

4885-5064-9686

(c) Engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, including purchasers and sellers of securities.

159.    As a direct and proximate result of these actions, AMEC has suffered damages, which include, but are not limited to, actual monetary loss and other direct and indirect consequential damages in an amount to be proven at trial.

**COUNT IX – PUNITIVE DAMAGES**
**(ALL CROSS-DEFENDANTS)**

160.    AMEC Defendants repeat and reallege paragraphs 1 through 160 hereof, as if fully set forth herein.

161.    Dr. Harris, Eaton, Randall Erwin, Financial Freedom Group, Inc. and the Motorskills Entities' conduct was reprehensible especially in light of the trust and confidence reposed by AMEC.

162.    Dr. Harris intentionally concealed his misconduct and has made no effort to make amends for his wrongful conduct.

163.    Dr. Harris, Eaton, Randall Erwin, Financial Freedom Group, Inc. and the Motorskills Entities' acted (1) intentionally, (2) fraudulently, (3) maliciously, and/or (4) recklessly, in deceiving AMEC and in wrongfully misappropriating Annuity Plan funds.

164.    As to Cross-Defendants Newport and Symetra and Third-Party Defendant Symetra Financial, their actions and omissions were intentional and reckless, and resulted in the loss of tens of millions of dollars.

165.    Accordingly, an award of punitive damages is warranted and necessary in order to deter similar behavior.

**WHEREFORE, PREMISES CONSIDERED, AMEC** prays that the Court:

120

4885-5064-9686

a.  Issue process and that Cross-Defendants and Third-Party Defendant be made to answer or otherwise respond to the allegations of the Cross-Complaint;

b.  Grant judgment against Cross-Defendants and Third-Party Defendant in an amount of damages to be proved at trial, including punitive damages, plus costs and expenses; and

c.  Grant all such other and further relief which the Court may deem proper under the circumstances.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*s/ Bruce A. McMullen*
Bruce A. McMullen (TN Bar No. 18216)
Mary Wu Tullis (TN Bar No. 31339)
Jennie V. Silk (TN Bar No. 35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone:    901.526.2000
Fax:    901.577.2303
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com
jsilk@bakerdonelson.com

**Counsel for AMEC Defendants**

121

4885-5064-9686

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system on the 25th day of July, 2023.


_s/ Bruce A. McMullen_

4885-5064-9686