**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION, | ) ) ) ) | Lead Case No. 1:22–md–03035–STA–jay<br><br>ALL CASES |

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS (ECF No. 903)**

---

Before the Court is Plaintiffs Pearce Ewing *et al.*'s Motion for Sanctions Against Symetra Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 903) filed August 11, 2025. Defendant Symetra Life Insurance ("Symetra") has responded in opposition. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

On September 2, 2025, the Court granted in part and denied in part Plaintiffs' motion for sanctions against Symetra. The Court found that Symetra had not met its Rule 26(e) obligation to supplement its discovery responses in a timely manner and that its failure to do so in the case of the Blackwell Certificate was not harmless or substantially justified. The Court determined that prohibiting Symetra from using the Blackwell Certificate "to supply evidence on a motion, at a hearing, or at a trial" was the most appropriate sanction for its failure to supplement. Fed. R. Civ. P. 37(c)(1). The Court therefore struck the Certificate, which Symetra had attached as Exhibit A (ECF No. 829-2, Page ID 13819–13822) to its motion to dismiss Plaintiffs' derivative claims. The Court also concluded that Plaintiffs were entitled to an award of their reasonable expenses, including attorney's fees, caused by Symetra's failure to make a timely supplement of its discovery responses.

Prior to the Court's ruling on the motion for sanctions, Plaintiffs separately filed their Motion for Rule 11 Sanctions. Plaintiffs explain that their Motion for Rule 11 Sanctions largely

tracks the factual background and legal arguments presented in their previous motion for sanctions

under Rule 37(c).  Plaintiffs now move for the same sanctions against Symetra pursuant to Rule

11(c)(2).  In its opposition to Plaintiffs' Rule 11 Motion, Symetra not only argues that Plaintiffs

have failed to carry their burden to prove any conduct deserving of Rule 11 sanctions.  According

to Symetra, the Court should actually sanction Plaintiffs because they have filed the Rule 11

Motion for a vexatious purpose.

Rule 11(b) of the Federal Rules of Civil Procedure governs representations made to the

Court and establishes that when an attorney signs, files, submits, or "later advocat[es]" a pleading,

written motion, or the like, the attorney or party certifies to the Court that

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Rule 11(c)(1) grants the Court discretion to "impose an appropriate

sanction" on an attorney or party "[i]f, after notice and a reasonable opportunity to respond, the

court determines that Rule 11(b) has been violated."  Fed. R. Civ. P. 11(c)(1).

Plaintiffs seek Rule 11(c) sanctions against Symetra based on Symetra's alleged

"misrepresentations and omissions to the Court in its motion to dismiss the derivative claims, ECF

No. 829-1—specifically, its misrepresentations and omissions about the Blackwell Certificate,

which Symetra attached to its motion."  Pls.' Mem. in Support Mot. for R. 11 Sanctions 2, Aug.

2

11, 2025 (ECF No. 903-1).   In Plaintiffs' view, Symetra's motion papers "were obviously misleading to the Court."  *Id*.

"Rule 11 expressly provides the district court with discretion to impose sanctions on a party that is responsible for the rule's violation, provided that the violation is not one for unwarranted legal contentions under Rule 11(b)(2)."  *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 398 (6th Cir. 2009); Fed. R. Civ. P. 11(c)(1) & (c)(5)(A).   The Advisory Committee notes state that Rule 11 "permits the court to consider whether. . . the party itself should be held accountable for [its] part in causing a violation" and to "make an additional inquiry in order to determine whether the sanction should be imposed on . . . parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court."  Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).   The Sixth Circuit has noted that courts have generally declined to impose sanctions on represented parties, *Rentz*, 556 F.3d at 398 (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1336.2 (3d ed. 2004) ("Imposing a sanction on the client has met with disfavor.")), except perhaps when the party, along with the attorney, misrepresented key facts during depositions and at trial.  *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378, 384-85 (6th Cir.1997).

The Court finds that Rule 11 sanctions are not warranted in this instance.  First, the Court has already issued its ruling on Plaintiffs' request for Rule 37 sanctions.  The Court determined that Symetra had not complied with its duty to supplement discovery responses in a timely manner, as Rule 26(e) requires.  The Court decided that the proper sanction to cure the prejudicial effect of Symetra's discovery failure was the exclusion of the Blackwell Certificate from evidence in the case.  The Court declined to adopt any of the more severe sanctions requested by Plaintiffs.  After the Court excluded the Certificate, the Court went on to deny Symetra's motion to dismiss, which

3

had incorporated the Certificate as a supporting exhibit.  In other words, the document at the center

of Plaintiffs' request for Rule 11 sanctions, the Blackwell Certificate, is no longer part of the

record, and the Court has denied the motion containing the purportedly misleading statements and

omissions about the Blackwell Certificate. The Court also awarded Plaintiffs their reasonable

expenses incurred in connection with bringing their motion for sanctions under Rule 37.  The Court

concludes that the sanctions imposed by the Court adequately addressed the circumstances

surrounding the Blackwell Certificate. Therefore, Plaintiffs' Motion for Rule 11 Sanctions is

**DENIED**.

       **IT IS SO ORDERED.**

                         **s/ S. Thomas Anderson**
                         S. THOMAS ANDERSON
                         UNITED STATES DISTRICT JUDGE

                         Date:  November 3, 2025.