## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

99.7864

---

IN RE: AME CHURCH EMPLOYEE
RETIREMENT FUND LITIGATION

NO.  1:22-md-03035-STA-jay
**All cases**

---

**DEFENDANT DAY AND NIGHT SOLAR'S REPLY TO "PLAINTIFFS'
MEMORANDUM IN OPPOSITION TO DAY AND NIGHT SOLAR, LLC's MOTION
FOR SUMMARY JUDGMENT" (ECF DOC. NO 1054)**

---

Comes now this Defendant, Day and Night Solar, LLC (hereinafter "Day and Night Solar")

by and through counsel of record, and files this Reply to "**PLAINTIFFS' MEMORANDUM IN**

**OPPOSITION TO DAY AND NIGHT SOLAR, LLC's MOTION FOR SUMMARY**

**JUDGMENT**" (ECF Doc. No. 1054)("Plaintiffs' Response").  In Reply, Day and Night Solar

states the following:

### LAW AND ARGUMENT

1) **Plaintiffs have provided no legal basis under Tennessee law to impose liability on Day and Night Solar under a civil conspiracy action for alleged actions of other parties which predate the formation and existence of Day and Night Solar in February 2009.**

In Plaintiffs' Response, Plaintiffs assert that Day and Night Solar can be liable for alleged

actions of other parties which occurred prior to the formation and existence of Day and Night Solar

in February 2009.[1]  In the absence of any support under Tennessee law, Plaintiffs improperly

attempt to shift the burden of proof of a civil conspiracy to Day and Night Solar as an alleged co-

conspirator.[2] However, in Tennessee, the "party seeking to establish existence of a civil conspiracy

---

[1] *See* ECF Doc. No. 1054, Plaintiff's Response, p. 11-12.

[2] Id., p. 11 ("DNS spends two and a half pages arguing that it cannot be liable for any acts prior
to February 2009, with no citation to any supportive law.")

must do so by a preponderance of the evidence."[3] To meet this burden under Tennessee law,

Plaintiffs solely rely upon a single 75 year old Tennessee ruling - *Dale v. Thomas H. Temple*.[4]

Plaintiffs argues that *Dale v. Thomas H. Temple* stands for the proposition under Tennessee

law that a "party who became active in the conspiracy later" can be held "liable for all damages

resulting from the conspiracy," including for those actions which pre-date any involvement of the

party.[5]  However, Plaintiffs don't even cite to any actual language from *Dale v. Thomas H. Temple*

in support because that is not what *Dale v. Thomas H. Temple* states, nor has any subsequent

appellate ruling in the last 77 years addressing *Dale v. Thomas H. Temple* stood for that proposition

under Tennessee law. Plaintiffs have provided no legal support under Tennessee law to impose

liability on Day and Night Solar for alleged actions which occurred prior to February 2009.

As a Middle District Court has succinctly ruled, in Tennessee, "the elements of a civil

conspiracy include common design, concerted action, and an overt act."[6] Plaintiffs cannot meet

their burden on any of those required elements for actions taken prior to February 2009.

Under Tennessee law, Plaintiffs cannot establish the "common design" element as to Day

and Night Solar for any actions prior to its formation on February 9, 2009.  As to this "common

design" element, appellate courts, often referring to the *Dale* ruling, have only ruled that each

"conspirator must have the intent to accomplish this common purpose, and each must know of the

other's intent."[7]  Appellate courts applying Tennessee law have ruled that liability can only extend

---

[3] *Stanfill v. Hardney*, 2007 Tenn. App. Lexis 620 at *26 (Tenn. Ct. App. Sept. 27, 2007).
[4] *See* ECF Doc. No. 1054, Plaintiff's Response, p. 11; *Dale v. Thomas H. Temple Co.*, 186 Tenn. 69 (Tenn. 1948).
[5] *See* ECF Doc. No. 1054, Plaintiff's Response, p. 11.
[6] *JRS Partners v. Leech, Tishman*, 615 F.Supp.3d 750, 781 (M.D. Tenn. 2022).
[7] *Brown v. Birman Managed Care*, 42 S.W.3d 62, 67 (Tenn. 2001), *citing to Dale*, 208 S.W.2d at 353-354; *BancorpSouth v. Herter*, 643 F.Supp.2d 1041, 1055-56 (W.D. Tenn. 2009).

to co-conspirators for other co-conspirator's actions if the co-conspirator had this "common intent"

or "common design" and were involved in the planning of the underling actions or assisted or

encouraged those acts:

> A civil conspiracy claim is a means for establishing vicarious liability. …. Its function is to extend liability in tort beyond the active wrongdoer to those **who planned, assisted, or encouraged the wrongdoer's acts**.[8]

A Middle District Court has addressed this "common design" requirement:

> The second element, however, makes clear that not just any common design will do, as it limits the kinds of common designs that will support a claim of civil conspiracy; as indicated above, according to the second element, the common design must be one to accomplish by a **concerted action** either unlawful purpose or a lawful purpose by unlawful means.[9]

A Middle District Court further ruled that this "common design" requires the co-conspirator to

have knowledge of what the other co-conspirator intends to do:

> The Court believes that the gist of this is that the alleged co-conspirator is not actually a co-conspirator absent knowledge (if not intent) not only of what the other co-conspirator(s) intend to do, but also that what the other co-conspirator intends to do is tortious or otherwise unlawful.[10]

As a Middle District Court has ruled, a "'civil conspiracy requires specific intent' to agree

'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'"[11] Day

and Night Solar did not exist as an entity before February 2009 and thus could not have any

---

[8] *Stanfill v. Hardney*, 2007 Tenn. App. LEXIS 620, at \*23 (Ct. App. Sep. 27, 2007)(emphasis added)(internal citation omitted).

[9] *JRS Partners v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F.Supp3rd 750, 780-83 (M.D. Tenn. 2022).

[10] Id.

[11] *JRS Partners GP v. Leesh Tishman,* 615 F.Supp.3d 750, 783 (M.D. Tenn. 2022), *quoting Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tx 1995).

knowledge as a named defendant of any actions of any other party prior to February 2009. It would have been impossible for Day and Night Solar "to agree" to any actions in furtherance of the conspiracy prior to February 9, 2009.  Thus, under Tennessee law, Plaintiffs cannot establish the required "specific intent" of Day and Night Solar to agree to any actions prior to Day and Night Solar even existing before February 2009.  Accordingly, Plaintiffs cannot prove any "common design" involving Day and Night Solar for alleged actions taken prior to February 2009.

In *Brown v. Birman Managed Care,* the Tennessee Supreme Court addressed this "common design" or "common purpose" element, referring to the *Dale* ruling and ruling that a party that was "actively involved" in the underlying tortious actions "….made in furtherance of their common purpose" could not escape civil liability.[12]  However, Plaintiffs' reliance on *Dale* ignores subsequent appellate rulings such as *Brown* which require this active involvement "in furtherance of their common purpose."[13]  If there is no "active involvement" in support of a "common purpose", the civil conspiracy must fail as to that alleged co-conspirator.  Again, it would have been impossible for Day and Night Solar to be "actively involved" in any action in furtherance of a "common purpose" which existed years prior to February 2009.[14]

Plaintiffs have alleged voluminous actions taken by other parties beginning in 2001 and prior to February 2009.[15]  Day and Night Solar could not have been a part of a "common design" to a single one of those actions beginning in 2001 and prior to February 2009. Day and Night Solar could not have been planned, arranged, adjusted, agreed upon, settled between co-conspirators any action beginning in 2001 and prior to February 2009 as Day and Night Solar did not even exist.

---

[12] Id. at 71-72.
[13] Id. at 71.
[14] Id.
[15] *See* ECF Doc. No. 493, Plaintiff's Second Consolidated Amended Complaint, generally.

Under Tennessee law, Day and Night Solar can only be liable for other party's actions if Day and Night Solar as part of a "common design" had "planned, assisted, or encouraged the wrongdoer's acts."[16] As a Western District Court has ruled, "conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, **share with the immediate tortfeasor a common plan or design** in its perpetration."[17]

Day and Night Solar did not exist and was not formed until February 9, 2009. Thus, it would be impossible for Day and Night Solar to be a part of a "common design" prior to February 9, 2009. That is the law in Tennessee. Accordingly, no liability can be placed on Day and Night Solar either for actions which clearly Day and Night Solar did not undertake prior to its existence in February 2009, but further under a civil conspiracy/vicarious liability cause of action because Day and Night Solar did not plan, assist, share with or encourage any of the alleged actions which occurred before February 9, 2009. Plaintiffs have provided no ruling applying Tennessee law imposing civil conspiracy liability on a party that was not involved in the required "common design" of the underlying actions.

As to the next required element ("concerted action"), the Sixth Circuit has defined "concerted" and "concerted action" as follows:

> Concerted means: mutually contrived or planned; agreed upon;
> (Webster's International Dictionary, Second Ed.). *United States v.
> Insurance Board of Cleveland*, D.C. 188 F. Supp. 949, 956. In 15A
> C.J.S. 325, "Concerted action" is defined as: "Action which has
> been planned, arranged, adjusted, agreed upon and settled between

---

[16] *Stanfill v. Hardney*, 2007 Tenn. App. LEXIS 620, at *23 (Ct. App. Sep. 27, 2007)(emphasis added)(internal citation omitted).

[17] *S. Concrete Prods., Inc. v. Liberty Holdings, LP*, 2019 U.S. Dist. Lexis 226176 at *4 (W.D. Tenn. Sept. 12, 2019)(emphasis added); *In Re: AME Church Emp. Ret. Fund Litig.*, 2025 U.S. Dist. Lexis 70599 at *73-74 (W.D. Tenn. April 14, 2025).

parties acting together, in pursuance of some design or in accordance with some scheme," …[18]

"A person is deemed to act in concert when he acts *with another* to bring about some preconceived result." *Black's Law Dictionary,* 262 (5th ed. 1979)(emphasis added)."[19]  A Michigan District Court defined "concerted action" as "a consensus or agreement by the parties to act together."[20]

Day and Night Solar did not exist prior to February 2009.  As such, Day and Night Solar could not mutually contrive, plan, agree upon, or take any other action in furtherance of a scheme prior to February 9, 2009.  Accordingly, Day and Night Solar could take no "concerted action" prior to its existence beginning on February 9, 2009. In *Dale v. Thomas H. Temple*, the only Tennessee case cited by Plaintiffs, the Tennessee Supreme Court ruled that civil conspiracy liability requires this "common design":

> "Since it is basic principle that each conspirator is responsible for everything done by his confederates which **the execution of the common design** makes probable as a consequence, the law applying no gauge to ascertain relative activity in the production of that consequence, it follows that each is liable for all damages, naturally flowing from any wrongful act of a coconspirator **in carrying out such common design**.[21]

Likewise, appellate courts applying Tennessee law have recognized that the third element (an "overt act") must be established to prove a civil conspiracy.  "[T]he overt acts must be overt acts in furtherance of the conspiracy."[22]  No overt actions could have been taken by Day and Night

---

[18] *Stone v. Wingo*, 416 F.2nd 857, 860 (Sixth Cir. 1969).

[19] *Smith v. Methodist Hosps. of Memphis*, 995 S.W.2d 584, 589 (Tenn. Ct. App. 1999).

[20] *Michigan State Podiatry Association vs. BlueCross BlueShield*, 671 F.Supp. 1139, 1147 (E.D. Mich. 1987), referring to *American Tobacco Co. v. United States*, 328 U.S. 781 (1946).

[21] *Dale v. Thomas H. Temple Co*., 208 S.W.2d 344, 354 (Tenn. 1948)(emphasis added).

[22] *JRS Partners*, 650 F.Supp.3d at 784.

Solar prior to its formation and actual existence beginning on February 9, 2009. Thus, Plaintiffs cannot establish any "overt acts" by Day and Night Solar prior to February 9, 2009.

Plaintiffs have failed to meet their burden of establishing a legal basis under Tennessee law to hold Day and Night Solar liable for actions which occurred before Day and Night Solar's existence in February 2009. The sole Tennessee ruling relied upon by Plaintiffs (*Dale v. Thomas H. Temple Co.*) does not stand for that proposition nor has any subsequent appellate ruling given *Dale v. Thomas H. Temple Co.* that meaning.

**WHEREFORE**, based upon all law and argument provided, pursuant to Tennessee law, Day and Night Solar again respectfully requests an Order granting Summary Judgment, or alternatively, an Order granting Partial Summary Judgment as to Day and Night Solar that Day and Night Solar cannot be held liable for actions which pre-date its existence in February 2009 and/or an Order granting Partial Summary Judgment as to Day and Night Solar that Day and Night Solar cannon be held  liable for actions taken by Co-Defendant Robert Eaton unrelated to Day and Night Solar's solar panel business.

Dated:  December 1, 2025.

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS & SORIN, PLLC**

*/s/ R. Scott McCullough*
NICHOLAS E. BRAGORGOS - #12000
R. SCOTT McCULLOUGH - #19499
Attorneys for Day and Night Solar, LLC
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
nbragorgos@mbbslaw.com
smccullough@mbbslaw.com